# CREED C. ARNOLD v. LELA MAE MARCOM.—352 S. W. (2d) 936.

Middle Section.   June 30, 1961.

Petition for Certiorari Denied by Supreme Court, September 6, 1961.

B. F. Speck, Livingston, E. A. Langford, Cookeville, for proponent of the will.

J. A. Oakley, Livingston, P. J. Anderson, Gainesboro, for contestant.

I

SHRIVER, J. This is an appeal from a judgment dated November 10, 1960, in a will contest in the Circuit Court of Overton County.

On motion of the plaintiff, proponent of the will, the Court dismissed the petition of the contestant on the ground that the matter had been previously adjudicated by a decree of July 8, 1959 in the same court, and decreed that a copy of the order together with a transcript of the technical record and the will be certified to the County Court of Overton County to be filed and retained by the Clerk of the County Court as the last will and testament of Eula Mae Arnold, deceased.

While there are no formal assignments of error, the brief and argument of the appellant states as follows;

"We believe, that, there exists two determinative questions:

"1—Was the Circuit Judge in error, to permit a non-suit in the former case?

"2—If the Court was in error, to permit a nonsuit, without any determination on the merits, can this be permitted to deprive appellant of a right to have her case determined on its merits?"

The appellee has responded to the foregoing questions as though they were assignments in proper form and we will treat them as such.

The decree of the Circuit Court from which the appeal was granted and perfected to this Court sets out in detail the proceedings that occurred in said Court and constitutes a fair statement of the case. Said decree is as follows;

"A petition was filed in the County Court, Overton County, Tennessee, by Lela Mae Marcom to contest the will of Eula Mae Arnold. Creed C. Arnold who was named executor of the will was proponent of the will. The said cause came on regularly to be heard on November 10, 1960, before the Honorable John D. Holladay, Circuit Judge, and a jury of good and lawful men, to-wit; C. D. Newberry, Osby Story, N. E. Collins, Elbert Barlow, Tracy Ferrell, J. C. Phillips, Leo Holman, Glenn H. Ledbetter, Noah Brown, Roy Allred, Vernon Boswell, Bobby Joe Ferrell, who were duly sworn according to law to try the issues. After the pleadings were read, the plaintiff, Creed C. Arnold, proponent of the will, began to introduce his proof, and there was read to the Court and jury and treated as evidence an order and decree of this Court which was made and entered on July 8, 1959, wherein this 'Court adjudged and decreed that the proof introduced had duly established and proven the proper and formal execution of the said instrument as the last will and testament of Eula May Arnold, deceased, as a matter of law, and it is so considered, and ordered and decreed', and wherein the contestant 'moved the Court to be permitted to take a voluntary non-suit without prejudice, and the Court granted the said motion, and a non-suit without

prejudice was accordingly taken by the contestant', and wherein it was 'ordered, adjudged and decreed by the Court that a copy of this order, together with complete transcript of the technical record in this cause, be certified to the County Court of Overton County, Tennessee, and to the Clerk thereof, and that the said original will of the said Eula May Arnold, deceased, be sent along with the said papers and delivered to the Clerk of the County Court of Overton County, Tennessee, to be recorded therein, along with the order of this Court. It is further ordered, adjudged and decreed that the plaintiff, Creed C. Arnold, proponent of the will of Eula May Arnold, deceased, have and recover of and from the defendant, Lela Mae Marcom, and M. F. Marcom as surety on her costs bond, all the costs of this case, for all of which execution may issue.'

"Thereupon, the plaintiff, Creed C. Arnold, proponent of the will of Eula Mae Arnold, deceased, moved the Court to dismiss the contest and petition of the contestant because the said matter as shown had already been adjudicated and that there was no law permitting a contestant to take a non-suit, in a suit contesting a will, and again to further contest the said will. The Court held and adjudged that the said motion was good and that the said matter had been adjudicated and that the contestant had no right to further contest the said will in this cause and matter.

"It is, therefore, ordered and decreed by the Court that a copy of this order, together with a complete transcript of the technical record in this cause, be

certified to the County Court of Overton County, Tennessee, and to the Clerk thereof, and that the said original will of the said Eula Mae Arnold, deceased, which will is dated April 2, 1957, and signed by Eula Mae Arnold and witnessed by B. H. Hunt and Carl Gilpatrick, be sent along with the said papers and delivered to the Clerk of the County Court of Overton County, Tennessee, to be retained by the said Clerk as the last will and testament of the said Eula Mae Arnold, deceased.

"It is further ordered and decreed that the plaintiff, Creed C. Arnold, proponent of the will of Eula Mae Arnold, deceased, have and recover of and from the defendant, Lela Mae Marcom, and the sureties on her cost bond, all the costs of this cause for all of which execution may issue.

"From which judgment the contestant, Lela Mae Marcom, prays an appeal to the next term of the Court of Appeals at Nashville, Tennessee, which appeal is granted upon her giving a sufficient appeal bond, and thirty days from the entry of this are allowed her in which to file said bond.

"/s/ JOHN D. HOLLADAY
"CIRCUIT JUDGE"

The decree of July 8, 1959 hereinabove referred to and entered in the Circuit Court of Overton County on said date in the same cause, to wit: Creed C. Arnold, Proponent, of the will of Eula Mae Arnold, plaintiff vs. Lela Mae Marcom, contestant and defendant, recites that the case came on to be regularly heard on July 8, 1959 before the Honorable John D. Holladay, Circuit Judge

and a jury of good and lawful men to wit; (here follows a list of the jurors).

The decree then recites that, thereupon, a written instrument dated April 22, 1957 signed by Eula Mae Arnold and witnessed by B. H. Hunt and Carl Gilpatrick and purporting to be the last will and testament of Eula Mae Arnold was introduced as evidence and the said attesting witnesses B. H. Hunt and Carl Gilpatrick were introduced and testified as to the making, execution etc. of said instrument. The decree further recites that Honorable H. M. Roberts, the attorney who drafted and prepared the will, also testified as to the due execution thereof after Creed C. Arnold the proponent of the will had offered said will and testified thereon and thereto.

Said decree then proceeds;

"Thereupon the Court adjudged and decreed that the proof introduced had duly established and proven the proper and formal execution of the said instrument as the last Will and testiment of Eula Mae Arnold, deceased, as a matter of law, and it is so considered, and ordered, and decreed."

The record shows that the contestant thereupon introduced a number of witnesses in an effort to prove that the instrument was not the last will and testament of Eula Mae Arnold and that, thereafter, the contestant and defendant, by and through her attorneys, moved the Court to be permitted to take a voluntary non-suit without prejudice, which motion was granted.

The decree concludes, as above indicated, by ordering that a copy thereof together with a complete transcript of the technical record in the cause, be certified to the

County Court of Overton County and that the said original will of the said Eula Mae Arnold, deceased, be sent along with the said papers and delivered to the Clerk of the County Court of Overton County, to be recorded therein, along with the order of the Court.

## II

■ The authorities generally hold that a statutory proceeding to contest a will is analogous to the probate of a will in solemn form. 57 Am.Jur. Wills, Section 763.

A proceeding to contest a will in the Circuit Court is an in rem proceeding.

In Larus v. Bank, 149 Tenn. 126, 147-148, 257 S. W. 94, the Court discussed the case of A. G. Jones, b/n/f, etc. vs. Chambers, Executor, decided by the Court of Civil Appeals in November 1919, wherein it was held that after a will had been certified to the Circuit Court for contest, and the issues made up, the contestant could not dismiss the suit or withdraw from the case over the objection of the proponent and thereby prevent a determination of the issues.

In said opinion the Court also discussed Boyd, Executrix vs. Susong, a case decided by the Court of Civil Appeals in 1921, wherein there was a similar holding and it was said by the Supreme Court that copies of opinions in those cases were before it and that the Court was entirely satisfied with the holding of the Court of Civil Appeals as announced in said cases.

In the same case (Larus v. Bank) the Court quoted from a North Carolina case, Collins v. Collins, 125 N.C. 98, 34 S.E. 195, holding that such proceedings are in rem

and that there are no parties who can withdraw or take a non-suit, and thus put the matter where it was at the start, as in actions between individuals. It is said that such cases involve creditors, legatees and distributees and that public policy and statutes require that this preliminary question be determined as soon as practicable regardless of objecting persons. The opinion concludes as follows;

"It is well settled in this state that in all cases of contested wills the circuit court is the court of probate, and in forming an issue on the validity of the will all persons interested either for or against it have the right to be made parties, the proceeding being in rem, and the judgment is binding on all persons, whether parties to the record or not. Patton v. Allison, 7 Humph. 320; Hodges v. Bauchman, 8 Yerg. 186; Fry v. Taylor, 1 Head, 594; Martin v. Stovall, 103 Tenn. 1, 52 S. W. 296, 48 L.R.A. 130."

It is to be noted that the appellant here was defendant in the proceedings in question and it is generally true that a defendant cannot take a non-suit. See Section 20-1311 T.C.A., dealing with the right of plaintiffs to take a non-suit.

In Administration of Estates in Tennessee by Higgins, Section 753, it is said;

"When, however, a will has been proved in the Probate Court in a manner characterized as solemn in form, the judgment is forever conclusive upon all parties having notice of the proceeding unless fraud has intervened."

■ In Cude et al. v. Culberson et al., 30 Tenn.App. 628, 637, 209 S. W. (2d) 506, it is said that, although it is commonly referred to as a will contest, the trial of an issue of devisavit vel non in the Circuit Court is an original proceeding to probate a will and in Jones v. Witherspoon, 182 Tenn. 498, 187 S. W. (2d) 788, it is pointed out that the form of action is sui generis and strictly in rem being derived not from the common law but from the Ecclesiastical Courts of England.

In Jones v. Witherspoon, supra, it is said that the principle underlying these cases is to be determined in such proceeding, not only as to who is entitled to inherit the property but also to hasten the administration of the estate and the payment of debts, and that public policy demands that the courts should shorten as far as possible the litigation lest the estate be absorbed in Court costs and expenses. The Court then says;

"We are of opinion that both by reason and authority, when there is a contest of a will offered for probate, and the circuit court takes jurisdiction, it takes jurisdiction for the purpose of once for all determining as to whom the testator's estate shall go. The proceeding is a proceeding in rem, involving the distribution of the res, the estate."

■ It is to be noted that the decree of July 8, 1959 provided that the said will had been duly established and proven as the last will and testament of Eula Mae Arnold, deceased, and was established as a matter of law and that a complete transcript of the record be certified to the County Court together with the original

will to be recorded therein as the last will and testament of Eula Mae Arnold.

In view of all the foregoing we think that the decree of July 8, 1959 was res judicata and that the assignments must be overruled and the decree of November 10, 1960 affirmed.

Affirmed.

Humphreys and Howard, JJ., concur.