Bettye Jean **GREEN**, Martin King, Deborah Lapidus Fisher, Lisa Lapidus Cohen, and Barry Lapidus, Plaintiffs/Appellees,

v.

Carolyn **HIGDON** and The Main Street Church of Christ, Leon Kanoivicki and Mauricio Kanoivicki, Defendants/Appellants.

Court of Appeals of Tennessee, Middle Section.

July 27, 1994.

Permission to Appeal Denied by Supreme Court Dec. 5, 1994.

George E. Barrett, William L. Harbison, L. Webb Campbell, II, Nashville, H. Thomas Parsons, Manchester, for plaintiffs/appellees.

Ken Burger, Murfreesboro, for defendants/appellants Leon Kanoivicki and Mauricio Kanoivicki.

## OPINION

CANTRELL, Judge.

The question we have to decide is whether interested parties with notice of a will contest may wait until the conclusion of the contest and then assert that the decedent died intestate. The Circuit Court of Coffee County held that the contestants were bound by the judgment in the will contest. We affirm.

## I.

David King, a leading citizen and successful merchant of Manchester, died on December 3, 1990. Three wills were filed for probate and the chancery/probate judge certified a will contest to the Circuit Court of Coffee County. The two latest wills, witnessed and executed on January 18, 1985 and April 8, 1985 respectively, differ only in minor details and leave the bulk of Mr. King's estate to his relatives. The other will, a handwritten will executed sometime prior to 1985, left portions of the estate to Carolyn Higdon and the Main Street Church of Christ in Manchester. Because the two witnessed wills were similar, the parties and the circuit court concentrated only on the first one, knowing that if it was valid when executed it revoked the handwritten will. Tenn.Code Ann. § 32–1–201(1). Ms. Higdon and the church admitted that the January 18, 1985 will was executed according to law but attacked it on the grounds of lack of testamentary capacity and undue influence. The circuit court granted summary judgment to the proponents of the January 18 will on the two grounds raised by the contestants and held that the handwritten will had been revoked.

On appeal, this court affirmed the circuit court's judgment but remanded the case for a determination of the validity of the April 8, 1985 will and "the ultimate determination of the last will and testament of the deceased." This court's opinion is now published at 870 S.W.2d 513 (1993).

After the circuit court rendered its initial judgment in the will contest, the appellants in this case—two nephews of Mr. King, who had been served with process by the probate court and had filed a document in that court acknowledging the contest—filed an "Answer and Statement of Contest" in the circuit court. In it they alleged that Mr. King had executed yet another will on April 9, 1985 and then tore it up, intending to revoke all prior wills and render himself intestate. In addition the statement attacked the January 18, 1985 will on the grounds of incompetency and undue influence and raised issues concerning the procedure used in the prior proceeding. On the motion of the proponents of the January 18 will the circuit court held that

the nephews were bound by the judgment in the prior will contest. The court, consequently, dismissed the Answer and Statement of Contest.

## II.

█ A will contest under our probate code is in reality an original proceeding to probate a will in solemn form. *Bearman v. Camatsos*, 215 Tenn. 231, 385 S.W.2d 91 (1964). The issue *devisavit vel non* means "Did he make a will or not?" It originated in the chancery practice of sending the question to a court of law to try the validity of a paper asserted and denied to be a will. See Black's Law Dictionary, Fourth Edition, p. 539. The issue is tried, however, according to the rules and practice in the ecclesiastical courts. *Lillard v. Tolliver*, 154 Tenn. 304, 285 S.W. 576 (1926).

█ As our courts have interpreted the ancient law the following rules have become fixed:

1. A will contest is a proceeding *in rem*, the *res* being the estate of the deceased. *Petty v. Call*, 599 S.W.2d 791 (Tenn.1980).

2. "All who are interested may become parties in conducting the litigation ... and, if they do not, it is indispensable to the repose of society that they be concluded. Were it otherwise, and, ten or twenty years after the first trial was had, the estate distributed and the devisees of the lands at rest, their title might be upturned in whole, or ... in part." *Hodges v. Bauchman*, 16 Tenn. 186 at 189 (1835).

3. The proceedings do not depend on or refer to parties as did the proceedings in the common law courts; in a sense all the world are parties. *Brown v. Brown*, 86 Tenn. 277, 6 S.W. 869 (1888); *Lillard v. Tolliver*, 154 Tenn. 304, 285 S.W. 576 (1926).

4. "The principle underlying these cases is to determine in one proceeding, not only who is entitled to inherit the property from the deceased, but also to hasten the administration of his estate and the payment of debts. Unless this court is bound by some precedent, no rule of practice should be established that would tend to deprive those rightfully entitled to the estate to come into possession of the estate, nor to delay the rightful creditors of the deceased in the realization of their claims.

Public policy demands that the court should shorten, as far as possible, litigations, lest the estate should be more or less absorbed as a result of expensive court costs and other expenses of litigation." *Lillard v. Tolliver*, 154 Tenn. 304, 315, 285 S.W. 576, 579 (1926).

We think these principles dispose of the appellants' contention that they may relitigate the questions of undue influence and lack of testamentary capacity with respect to the January 18, 1985 will. When the court held that there was no proof to support these defenses, a decision now affirmed on appeal, that decision bound all who were interested in the estate.

█ We also think the prior proceedings foreclose the appellants' bid to show that Mr. King revoked all prior wills and died intestate. If the issue in a will contest is, "Did he make a will or not?" and if the object of the contest is to settle once and for all to whom the decedent's estate shall go, an interested party whose position is that the decedent died intestate must come forward and litigate that question in the will contest. The policy of settling the question promptly would be defeated if the persons interested in the estate could litigate their claims piecemeal.

## III.

Although they do not couch their argument in terms of estoppel, the appellants argue that they were misled by appellee's counsel and by the court's orders into thinking their rights would not be adversely affected by the will contest. We cannot draw that conclusion from the record. It is true that the parties to the contest anticipated a protracted trial and communicated that fact to the appellants, but we see nothing in any of the communications that would justify a belief by a reasonably prudent person that he could wait for the conclusion of the will contest before taking any action.

The judgment of the court below is affirmed and the cause is remanded to the

Circuit Court of Coffee County for any further proceedings that may become necessary. Tax the costs on appeal to the appellants.

TODD, P.J., and LEWIS, J., concur.