IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 20, 2000 Session

# IN THE MATTER OF THE ESTATE OF FANNIE CORRINE BARNHILL

**A Direct Appeal from the Chancery Court for Fayette County**
**No. P-3-43     The Honorable Martha B. Brasfield, Judge**

---

**No. W2000-00289-COA-R3-CV - Filed October 25, 2000**

---

Will contestant voluntarily dismissed chancery court proceeding to contest will. Subsequently, contestant filed another notice to contest the will. The trial court, on motion, dismissed the proceeding as barred, because it had previously been dismissed, and such an action is within an exception to Tenn.R.Civ.P. 41.01 (1). Contestant has appealed.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Lee S Saunders, Somerville, For Appellant, Beatrice Rice

J. Houston Gordon, Covington, For Appellee, Helen Weston Armour Lawson

William S. Rhea, Somerville, For Appellee, Annie Jane Bailey

**OPINION**

Appellant, Beatrice Rice (hereinafter Contestant), appeals from the order of the Fayette County Chancery Court dismissing her second notice of will contest.

Fannie Corrine Barnhill died without issue on the November 27, 1995. On January 29, 1996, Annie Jane Bailey, filed a petition for probate of the last will and testament of Fannie Corrine Barnhill dated August 21, 1991, in the Chancery Court of Fayette County, Tennessee. An order of Probate was entered on January 29, 1996, admitting the will to probate. Pursuant to the will, the order appointed Annie Jane Bailey as executrix of the estate. On November 20, 1996, the executrix

filed a petition to close the estate on receipt, release, and waiver of Helen Weston Lawson, the sole beneficiary named in the will and, on the same date, an order was entered closing the estate.

On December 20, 1996, Contestant, one of Fannie Corrine Barnhill's surviving nieces, filed a notice of contest of the will of Fannie Corrine Barnhill, deceased. Contestant alleged that she was named as a legatee in a will dated May 7, 1974, and she contested the probate of the instrument offered by Annie Jane Bailey. Contestant averred that at the time of the making of the will dated August 21, 1991, Fannie Corrie Barnhill was incompetent and under such mental disease that the instrument is without legal effect and is a nullity. Contestant further alleged that undue influence was exercised upon Fannie Corrie Barnhill resulting in the execution of the instrument dated August 21, 1991.

On February 4, 1998, Ernest Lawson, serving in a representative capacity for his wife,[1] Helen Lawson, filed a motion to dismiss for lack of prosecution. The motion averred that since the filing of the notice of contest on December 20, 1996, no further action had been taken. A hearing was set for March 20, 1998, however Earnest Lawson released his counsel on that date and on March 24, 1998 a notice of appearance was filed by his new counsel along with another motion to dismiss for lack of prosecution. On April 24, 1998, an order was entered substituting counsel for petitioner, Beatrice Rice. On September 22, 1998, a motion was filed to dismiss for lack of prosecution or in the alternative, motion for trial setting. The motion averred that since a pre-trial conference held on May 22, 1998, Ms. Rice had neither requested any discovery nor had she asked for a trial date. At a hearing on the motion on March 8, 1999, Contestant took a voluntary non-suit, and an order was so entered.

On August 19, 1999, Contestant filed in chancery court a notice of second contest of will and motion. Ms. Rice moved the court to make a finding of fact of the will contest and to transfer the matter to chancery court.[2] On September 3, 1999, Contestant filed a complaint in chancery court to contest the probated will and requested a jury trial. On September 23, 1999, Helen Lawson filed a motion to dismiss which was heard on October 8, 1999. From the bench, the chancellor granted the motion to dismiss and an order was entered January 20, 2000, which states in pertinent part:

> It appearing to the Court that there had been an earlier notice of contest of will filed by Beatrice Rice which proceeded to a hearing thereon on March 8, 1998; and, after beginning said hearing, the contestant, Beatrice Rice, announced that she was taking a voluntary non-suit and an order of non-suit was entered in this cause; and the Court having on October 8, 1998, rendered its findings and decision orally in open court as shown in the transcript, the same being attached hereto and incorporated herein by reference; and

---

[1] Contestant did not raise any issue in the trial concerning the action of Mr. Lawson on behalf of Ms. Lawson.

[2] The chancery court is the probate court for Fayette County.

It further appearing to the court that, once having taken a non-suit, the contestant, Beatrice Rice, is now barred from re-litigating and/or reopening this will contest, the motion to dismiss filed herein is well taken and should be granted.

Ms. Barnhill appeals the order of the trial court raising two issues as stated in her brief:

I. Whether the first will contest proceedings matured to a properly instituted will contest of which the chancery trial court had jurisdiction to try on the issue of *devisavit vel non* on March 8, 1999.

II. Whether the trial court erred by dismissing the second will contest on grounds that the contestant's voluntary dismissal of the first contest barred the refiling of the will contest.

With regard to whether chancery court had jurisdiction over the first will contest, Ms. Rice asserts that the procedural steps essential to the proper institution of a will contest never took place and that the trial court never acquired jurisdiction of the action. Ms. Rice contends that the trial court erred in ruling that no order is necessary to retain jurisdiction in the chancery trial court because this assumes that the mere filing of a will contest in the probate court automatically lodges jurisdiction in the chancery trial court to the exclusion of circuit court, thereby negating the parties ability to elect between chancery and circuit court. In essence, Contestant asserts that there must be an order transferring the case from the probate jurisdiction of the court to the chancery jurisdiction. Contestant avers that since no such order was entered, the matter never advanced beyond the strictly probate function of the court and the trial court never acquired jurisdiction to try the will contest. On the other hand Ms. Lawson asserts Ms. Rice invoked the jurisdiction of the chancery court in filing her will contest and that her assertion that chancery court lacked jurisdiction is without merit.

T.C. A. § 32-4-109 states:

> **Trials upon validity of wills– Jurisdiction of courts.–**
> Any court of record having probate jurisdiction, whether a chancery court or other court of record established by private or public act, has concurrent jurisdiction with the circuit court to conduct trials upon the validity of wills, all in the same manner and to the same extent as prescribed in this chapter for circuit courts, except that no certificate of the contest or certificate of the verdict and judgment shall be required in the absence of any referral to another court.

T.C.A. § 32-4-109 (Supp. 1999).

The chancery court has jurisdiction in probate matters for counties as described in T.C.A. § 16-16-201 (1994). The chancery court in this case took jurisdiction of the case when the petition for

probate was filed, and pursuant to T.C.A. § 32-4-109 (Supp. 1999), the will contest was properly in chancery court without necessity of any certificate of contest, because there was no referral to another court. Moreover, it appears that Contestant is seeking to be relieved from the effect of a voluntary nonsuit in the first will contest by virtue of her assertion that there never was a will contest since there was no certification from the "probate" section of chancery court to the "trial" section of chancery court. If we accept such a position for the purpose of argument, that presents another problem for the Contestant. T.C.A. § 32-4-108 (Supp. 1999) provides:

> **32-4-108. Statute of limitations.**
>
> All actions or proceedings to set aside the probate of any will, or
>
> petitions to certify such will for an issue of devisavit vel non, must be brought within two (2) years from entry of the order admitting the will to probate, or be forever barred, saving, however, to persons under the age of eighteen (18) years or of unsound mind, at the time the cause of action accrues, the rights conferred by § 28-1-106.

Contestant's second will contest which has resulted in this appeal was filed August 16, 1999, more than two years after the entry of the order admitting the will to probate. Thus, without a previous nonsuit to invoke the savings statute, Contestant's suit is barred by the statute of limitations.

As to Contestant's second issue, she asserts that the trial court erred in dismissing the case because of the voluntary dismissal of the first contest, inasmuch as she was entitled to a voluntary dismissal by virtue of Tenn.R.Civ.P. 41.01. We must respectfully disagree. This case is controlled by this Court's opinion in ***In Re: Estate of Barnwell***, No. 01A01-9711-PB-00656, 1998 WL 755011 (Tenn. Ct. App. Oct. 30, 1998). In ***Barnwell***, this Court affirmed the trial court's order dismissing plaintiff's second complaint contesting the will of her mother. The Court stated that having voluntarily dismissed an earlier complaint in which the plaintiff contested the will, she was barred from refiling the action to contest the will. The Court noted that prior to the adoption of the Tennessee Rules of Civil Procedure, Tennessee courts prohibited litigants from refiling a will contest after earlier taking a nonsuit of the contest of the same will. ***See Arnold v. Marcom***, 49 Tenn. App. 161, 352 S.W.2d 936 (1961). The ***Barnwell*** Court discussed the history of the rule in this state and then noted that it was dealing with a matter of first impression since the adoption of the Tennessee Rules of Civil Procedure. The Court noted that Rule 41.01 (1), Tenn.R.Civ.P., provides that the right to take a voluntary nonsuit to dismiss an action without prejudice is "[s]ubject to the provisions of Rule 23.05 or Rule 66 or any statute." The Court then stated:

> Rule 66 provides that, with two exceptions, the Tennessee Rules of Civil Procedure shall apply to actions which are "brought by or against a receiver" or to actions "in which the appointment of a

receiver is sought." Tenn.R.Civ.P. 66. The first exception to this rule is that "[a]n action wherein a receiver has been appointed shall not be dismissed except by order of the court." *Id.* The second exception is that "[t]he practice in the administration of estates by receivers or by other similar officers appointed by the court shall be in accordance with the statutes of this state and with the practice heretofore followed in the courts of this state." *Id.* (Footnote omitted).

*Id.* at *4. The ***Barnwell*** Court concluded that Rule 66 would be applicable to the will contest proceeding and that, therefore, because of the practice heretofore followed in the courts of this state, a contestant is not entitled to file a second will contest after voluntarily dismissing the first contest.

Accordingly, the order of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed to appellant, Beatrice Rice, and her surety.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.