# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### NOVEMBER 14, 2001 Session

# IN RE ESTATE OF FANNIE CORRINE BARNHILL

**Rule 11 Appeal from the Chancery Court for Fayette County**
**No. P-3-43      Martha B. Brasfield, Chancellor**

------

**No. W2000-00289-SC-R11-CV - Filed December 20, 2001**

------

We granted this appeal to determine whether the Fayette County Chancery Court had jurisdiction to hear the issue of devisavit vel non[1] in this case, and whether the law in Tennessee permits a voluntary dismissal without prejudice in a will contest. We conclude that the chancery court had jurisdiction to hear the will contest in this case, but that the appellant's voluntary dismissal was with prejudice, barring the filing of a second will contest. Accordingly, the judgments of the trial court and the Court of Appeals are affirmed.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the trial court and the Court of Appeals Affirmed.**

FRANK F. DROWOTA, III, CJ., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ, joined.

Lee S. Saunders, Somerville, Tennessee, for the appellant, Beatrice Rice.

J. Houston Gordon, Covington, Tennessee, for the appellee, Helen Weston Armour Lawson, and William S. Rhea, Somerville, Tennessee, for the executrix of the estate of Fannie Corrine Barnhill, Annie Jane Bailey

## OPINION

### I. Factual and Procedural Background

Fannie Corrine Barnhill died on November 27, 1995, and her will was ordered into probate in the Fayette County Chancery Court on January 29, 1996. The estate was closed on November 20,

------

[1] "The issue of devisavit vel non means 'Did he make a will or not?' It originated in the chancery practice of sending the question to a court of law to try the validity of a paper asserted and denied to be a will." Green v. Higdon, 891 S.W.2d 220, 222 (Tenn. Ct. App. 1994). The determination of issues of devisavit vel non is commonly called a will contest, which will be used throughout this opinion.

1996. On December 20, 1996, the appellant, Beatrice Rice, a niece of the decedent, filed a notice of will contest in the Fayette County Chancery Court, on the basis that the executrix of the will exerted undue influence on the decedent's execution of the will. After more than two years without further resolution, primarily because of procedural mishaps relating to the substitution of attorneys for the parties, the will contest was set for trial in the Fayette County Chancery Court on March 8, 1999.

On the first day of trial in chancery court, the attorney for the appellant filed a motion to transfer the will and the record to "chancery jurisdiction," arguing that the chancery court did not have jurisdiction, since there had been no "certification" of the record from probate court to chancery court. The Fayette County Chancery Court also exercises probate jurisdiction and is the probate court for Fayette County. Therefore, the chancellor denied the motion to transfer the will contest and the appellant's ensuing request for an interlocutory appeal. The chancellor stated that trial of the will contest would proceed without further delay. The appellant made an opening statement, and thereafter, the attorney for the executrix objected on the basis that the appellant's opening statement was contrary to the pleadings because the appellant's counsel asserted that a will devisee, rather than the executrix, exerted undue influence on the decedent. The chancellor denied the appellant's request to amend the pleadings to conform to the argument, and required that the appellant's arguments before the court conform to the pleadings. Following this ruling, counsel for the appellant requested a voluntary dismissal which was granted by the chancellor. On August 19, 1999, the appellant filed a second notice of will contest in the Fayette County Chancery Court, and on September 3, 1999, the appellant filed a "complaint" seeking permission to contest the will. On September 23, 1999, the appellee filed a motion to dismiss the appellant's second will contest on the ground that Tennessee law does not recognize a voluntary dismissal without prejudice in a will contest and that the voluntary dismissal was with prejudice. The chancellor granted the motion to dismiss, ruling that the appellant's taking of a voluntary dismissal in a will contest is with prejudice, and bars a second will contest.

On appeal, the appellant raised two issues before the Court of Appeals: (1) whether the Fayette County Chancery Court had jurisdiction to try the will contest absent certification; and (2) whether the taking of a voluntary dismissal by the appellant barred the refiling of a second will contest. The Court of Appeals, in an opinion authored by Judge Crawford and concurred in by Judges Farmer and Lillard, affirmed the trial court's decision, holding that the chancery court had jurisdiction to hear the will contest, and that the taking of a voluntary dismissal in a will contest is with prejudice and bars the appellant's filing of a second will contest. We granted permission to appeal and now affirm.

## II. Analysis

The first issue before this Court is whether the Fayette County Chancery Court had jurisdiction to try the will contest, absent certification of the contest from the probate court. The appellant contends that the chancery court did not have jurisdiction to hear the will contest, and therefore taking the voluntary dismissal had no legal effect barring the filing of the second will contest. The appellee responds that the chancery court had jurisdiction to hear the will contest,

and alternatively, if this Court finds that it did not have jurisdiction, the appellant's second will contest is barred by the running of the statute of limitations.[2]

In our view, the chancery court had jurisdiction over the will contest proceeding. In 1991, the Tennessee legislature granted chancery courts concurrent jurisdiction with circuit courts to try will contests:

> Any court of record having probate jurisdiction, whether a chancery court or other court of record established by private or public act, has concurrent jurisdiction with the circuit court to conduct trials upon the validity of wills, all in the same manner and to the same extent as prescribed in this chapter for circuit courts, except that no certificate of the contest or certificate of the verdict and judgment shall be required in the absence of any referral to another court.

Tenn. Code Ann. § 32-4-109. In addition, section 16-16-201(a) of Tennessee Code Annotated provides that

> [i]n all counties where not otherwise specifically provided by public, private, special or local acts, all jurisdiction relating to the probate of wills and the administration of estates of every nature . . . is hereby vested in the chancery court of the respective counties. The chancery court in such counties shall have exclusive jurisdiction over the probate of wills and the administration of estates . . . .

Fayette County is not governed by a public, private, special or local act that otherwise provides for probate jurisdiction; therefore, the chancery court in Fayette County has probate jurisdiction. Nonetheless, the appellant contends that the failure of the Fayette County Chancery Court to certify the will contest for trial is a fatal procedural flaw which rendered the Fayette County Chancery Court without jurisdiction to try the will contest in this case. We do not agree.

Prior to 1991, once a will contest had been established in the probate court, jurisdiction to try the will contest was transferred to the circuit court upon certification from the probate court. See Tenn. Code Ann. § 32-4-101; Lillard v. Tolliver, 285 S.W. 576 (Tenn. 1926). Jurisdiction to try will contests was held exclusively by the circuit courts. Clark v. Hefley, 238 S.W.2d 513, 517 (Tenn. Ct. App. 1950). Even under prior law, however, jurisdiction to try the will contest was not defeated by a failure of the probate court to certify the will contest. In Delaney v. First Peoples Bank of Johnson City, 380 S.W.2d 65 (Tenn. 1964), this Court held that

---

[2]Section 32-4-108 of Tennessee Code Annotated establishes that, with the exception to the rights of minors and persons of unsound mind, "[a]ll actions or proceedings to set aside the probate of any will, or petitions to certify such will for an issue of devisavit vel non, must be brought within two (2) years from entry of the order admitting the will to probate." Under this argument, the appellee contends that the will contest was properly dismissed since the August 19, 1999, filing of the second notice of will contest falls outside the two-year statute of limitations which began when the will was entered into probate on January 29, 1996.

if it be a contested will, the only power possessed by [the probate] court in respect of it is to cause the fact that it is contested to be certified to the circuit court, and to send the original will to that court, and to take such action in respect of bonds, *et cetera*, as our statutes authorize in such cases; but <u>the failure of the county or probate court to do any or all of the acts above set out will not defeat the jurisdiction of the circuit court over the contested will</u>.

380 S.W.2d at 69 (quoting <u>Murrell v. Rich</u>, 175 S.W. 420 (Tenn. 1914))(emphasis added).

We hold that when a chancery court serves as the probate court for a county, pursuant to Tenn. Code Ann. § 16-16-201(a), the chancery court has discretion to certify the will contest for trial in the circuit court or it may simply assume jurisdiction over the trial of the will contest, as it did in this case, when the chancery court makes its intention clear to all parties. The parties to this will contest were clearly notified of the chancery court's intention to exercise jurisdiction when, on December 17, 1998, they signed the scheduling order setting the case for trial in the Fayette County Chancery Court on March 8, 1999. Furthermore, section 32-4-109, which grants concurrent jurisdiction over will contests to chancery courts, clearly states that "no certificate of the contest or certificate of the verdict and judgment shall be required in the absence of any referral to another court." Requiring the chancery court to certify the will contest <u>to itself</u> is not required by statute and, in light of <u>Delaney</u>, does not defeat the chancery court's jurisdiction to hear the contest. Therefore, we hold that the chancery court had jurisdiction to try the will contest, and therefore the appellant's claim is rejected.

The second issue before this Court is whether Tennessee law bars the appellant's filing of a second will contest after previously taking a voluntary dismissal. The Court of Appeals in this case, relying on the unpublished 1998 decision, <u>In re: Estate of Barnwell</u>, No. 01A01-9711-PB-00656, 1998 WL 755011 (Tenn. Ct. App. Oct. 30, 1998)[3], held that the taking of a voluntary dismissal in a will contest bars a second action. In <u>Barnwell</u>, the party contesting the will was granted a voluntary dismissal on the opening day of trial of the will contest. Upon the contestant's filing of a second "complaint," the trial court dismissed the will contest with prejudice. Affirming the trial court's decision, the Court of Appeals in <u>Barnwell</u> held that the Tennessee Rules of Civil Procedure do not permit voluntary dismissals without prejudice in will contests.

The <u>Barnwell</u> opinion held that, prior to the adoption of the Rules of Civil Procedure, parties were not permitted to file a second will contest after previously taking a voluntary dismissal. 1998 WL 755011 at *2. <u>Barnwell</u> cited <u>Arnold v. Marcum</u>, 352 S.W.2d 936 (Tenn. Ct. App. 1961), which held that a will contestant is not permitted to file a second will contest after previously taking a voluntary dismissal. <u>Arnold</u> held that "the principle underlying these cases is to be determined in such proceeding, not only as to who is entitled to inherit the property

---

[3]Authored by Judge Farmer and concurred in by Judges Crawford and Highers.

but also to hasten the administration of the estate and the payment of debts, and that public policy demands that the courts should shorten as far as possible the litigation lest the estate be absorbed in Court costs and expenses." 352 S.W.2d at 939 (citing Jones v. Witherspoon, 187 S.W.2d 788, 791 (Tenn. 1945)). In resolving the issue, the Arnold court held that will contest "proceedings are in rem and that there are no parties who can withdraw or take a non-suit, and thus put the matter where it was at the start, as in actions between individuals." 352 S.W.2d at 939 (citing Collins v. Collins, 34. S.E. 195 (N.C. 1899)). The Barnwell court also noted the decision in Larus v. Bank of Commerce & Trust Co., 257 S.W. 94, 100 (Tenn. 1923), which held

> that, after a will has been certified to the circuit court for contest, and the issues have been made up, the contestant cannot dismiss the suit or withdraw from the case over the objection of the proponent, and thereby prevent the proponent from having the issue as to the validity of the will determined by verdict and judgment in said proceeding.

Barnwell, 1998 WL 755011 at *2.

In examining the issue under the Tennessee Rules of Civil Procedure, the Barnwell court also held that the Rules do not permit the taking of a voluntary dismissal without prejudice in will contests. Tennessee Rule of Civil Procedure 41.01 provides that "[s]ubject to the provisions of Rule 23.05 or Rule 66 or any statute . . . the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice . . . by an oral notice of dismissal made in open court during the trial of a cause." The Barnwell court cited the Arkansas case of Screeton v. Crumpler, 617 S.W.2d 847 (Ark. 1981), which interpreted Arkansas' Rule 41 (identical to Tenn. R.Civ. P. 41.01) as prohibiting a voluntary dismissal in a will contest. Screeton held that

> [a] will contestant cannot take a nonsuit under Rule 41, because such a contest is not an independent proceeding in itself. It would seriously disrupt the administration and distribution of estates if a will contest could be dismissed, voluntarily or without prejudice, and refiled at some indefinite later date. Hence the dismissal in the probate court was necessarily with prejudice.

617 S.W.2d at 849.

Tennessee Rule of Civil Procedure 41.01 also makes the granting of voluntary dismissals subject to the provisions of Rule 66, which governs procedure in cases involving receivers. Rule 66 provides that

> [a]n action wherein a receiver has been appointed shall not be dismissed except by order of the court. The practice in the administration of estates by receivers or by other similar officers appointed by the court shall be in accordance with the statutes of this state and with the practice heretofore followed in the courts of this state. . . .

-5-

The Barnwell opinion interpreted Rule 66 as preventing parties in will contests from taking voluntary dismissals because the court likened the role of estate administrators to the positions of court-appointed receivers, and therefore, in will contests, Rule 66 prevents parties from ending the contest on their own. In addition, section 30-1-310 of Tennessee Code Annotated likens the administrator of an estate to a receiver in chancery, holding the administrator to the same responsibilities and duty to report to the court. We believe the Barnwell court to be correct in its view that the involvement of administrators of estates in will contests brings such actions into the purview of Rule 66, and reflects the historical understanding that a will contest "is a proceeding in rem, involving the distribution of the res, the estate," Arnold, 352 S.W.2d at 939, and that "[t]he proceedings do not depend on or refer to parties as did the proceedings in the common law courts; in a sense all the world are parties." Green, 891 S.W.2d at 222. Although the appellant contends that a voluntary dismissal is a court order under the language of Rule 66 since the court must enter an order granting the dismissal of the will contest, Rules 41 and 66, when considered together, do not permit such an interpretation, but indicate that voluntary dismissals are not permitted in will contest proceedings.

### III. Conclusion

We conclude that the Fayette County Chancery Court had jurisdiction to try the appellant's will contest. By statute, the Fayette County Chancery Court has exclusive probate jurisdiction in that county, and maintains concurrent jurisdiction with the circuit court to hear will contests. We find no merit to the appellant's contention that the chancery court, serving in its probate function, must formally certify that the appellant has the right to contest the will. Section 32-4-109 of the Code clearly indicates otherwise. Only when the probate court transfers the case to another court for trial would certification of the contest be required by statute. Therefore, the chancery court had jurisdiction to hear the case. The appellant's voluntary dismissal was with prejudice and had the legal effect of dismissing the will contest. As stated above, we find that Tennessee Rules of Civil Procedure 41.01 and 66 do not allow the institution of a second will contest after having taken a voluntary dismissal. Further, we find that the taking of voluntary dismissals in will contests defeats the goals of efficiency and quick resolution in probate and will contest proceedings. The judgments of the trial court and the Court of Appeals are hereby affirmed. Costs of this appeal are taxed to the appellant, Beatrice Rice.

_____

FRANK F. DROWOTA, III, CHIEF JUSTICE