IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 17, 2013 Session

IN RE ESTATE OF MARVIN SUTTON

Appeal from the Chancery Court for Cocke County
No. 2012-CV-73      Telford E. Forgety, Jr., Chancellor

No. E2013-00245-COA-R3-CV-FILED-DECEMBER 17, 2013

The plaintiff, who is the decedent's daughter, filed this will contest action regarding the estate of the decedent on April 24, 2012. A previous will contest proceeding brought by another daughter of the decedent had been dismissed by the trial court through an order entered February 7, 2012. The trial court dismissed the instant will contest as barred by the final judgment in the previous *in rem* proceeding. The plaintiff appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

J. Derreck Whitson, Newport, Tennessee, for the appellant, Sky Sutton.

Judith A. DePrisco and Keith H. Burroughs, Knoxville, Tennessee, for the appellee, Pamela Sutton, Executrix of the Estate of Marvin Sutton.

**OPINION**

I. Factual and Procedural Background

The decedent, Marvin Sutton ("Decedent"), died on March 16, 2009, at the age of sixty-one. A petition for letters of administration was initially filed on October 23, 2009, stating that the Decedent died intestate. Regarding that petition, the trial court issued letters of administration to a daughter of the Decedent, Regina Sutton Chennault. On October 28, 2009, the Decedent's surviving spouse, Pamela Sutton, filed a "Petition for Probate and

Revocation of Letters of Administration," attaching a Last Will and Testament, purportedly executed by the Decedent and dated May 8, 2007. Following a hearing, the trial court entered an order on April 27, 2010, admitting the will to probate, appointing Pamela Sutton as the Executrix of the Estate ("Executrix"), and rescinding the Letters of Administration previously issued to Ms. Chennault.

Although the April 27, 2010 order noted that no opposition to the Executrix's petition had been filed, Ms. Chennault had filed a Complaint to Contest Will on April 26, 2010. The complaint alleged that the will was invalid due to the Decedent's incompetency at the time it was signed and due to its procurement by undue influence or fraud. Ms. Chennault subsequently filed a Notice of Voluntary Nonsuit, requesting dismissal of the will contest without prejudice, on December 12, 2011. Ms. Chennault thereupon refiled her complaint on December 16, 2011. The trial court entered an Order of Voluntary Non-Suit on February 7, 2012, *nunc pro tunc* to December 13, 2011, stating that it was dismissing Ms. Chennault's will contest upon notice of the voluntary non-suit filed on December 12, 2011. Also on February 7, 2012, the Executrix filed a motion to strike the complaint that had been refiled by Ms. Chennault on December 16, 2011. On August 7, 2012, the trial court entered an order dismissing Ms. Chennault's complaint "with prejudice to the refiling of same." Ms. Chennault timely appealed the dismissal of her complaint. This Court entered an Order dismissing Ms. Chennault's appeal on April 24, 2013, based, *inter alia*, on Ms. Chennault's failure to timely file a principal brief.[1]

The plaintiff in the instant will contest, Sky Sutton,[2] filed her complaint to contest the will on April 24, 2012, alleging the same grounds as those previously attested by Ms. Chennault. The Executrix filed a motion to dismiss Ms. Sutton's complaint on May 31, 2012, arguing that Ms. Sutton was precluded from initiating a will contest proceeding by reason of the trial court's earlier dismissal of Ms. Chennault's previous will contest proceeding. Following a hearing conducted on October 9, 2012, the trial court granted the Executrix's motion to dismiss Ms. Sutton's complaint by order entered December 12, 2012. Based upon, *inter alia*, our Supreme Court's holding in *Petty v. Call,* the trial court found that the previous will contest dismissal was binding on all heirs of the estate even without notice to such heirs of the prior contest's filing. *See* 599 S.W.2d 791, 793 (1980) ("In

---

[1]We have gleaned procedural information regarding the companion case from the archived appellate record for said case, number E2012-01805-COA-R3-CV, and the Appellate Court Clerk's procedural records. *See Counts v. Bryan*, 182 S.W.3d 288, 293 (Tenn. Ct. App. 2005) (holding that pursuant to Rule 201 of the Tennessee Rules of Evidence, a court may take judicial notice of facts "capable of accurate and ready determination" in its own proceedings).

[2]For ease of readability and reference, we will refer to Pamela Sutton as the "Executrix" of the Estate in this opinion and Sky Sutton as "Ms. Sutton."

Tennessee, the right to intervene in a will contest is not accompanied by the right to notice of its filing"). Ms. Sutton timely appealed.

## II. Issues Presented

On appeal, Ms. Sutton presents three issues, which we restate as follows:

1.  Whether the trial court lacked subject matter jurisdiction to dismiss the instant will contest action because, pursuant to Tennessee Code Annotated § 32-4-101 and upon Ms. Sutton's request, the proceeding should have been transferred to Circuit Court.

2.  Whether the trial court erred by failing to treat the instant will contest proceeding as an amendment to the will contest action filed by Ms. Chennault.

3.  Whether the trial court was obligated to join all heirs in the initial will contest action filed by Ms. Chennault.

In addition, the Executrix raises the following issue:

4.  Whether Ms. Sutton's complaint was time-barred by application of the statute of limitations contained within Tennessee Code Annotated § 32-4-108.

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). Questions of construction involving the Tennessee Rules of Civil Procedure are likewise reviewed *de novo* with no presumption of correctness. *See Green v. Moore*, 101 S.W.3d 415 418 (Tenn. 2003).

Our Supreme Court has summarized the principles involved in statutory construction as follows:

Our "primary goal in interpreting statutes is 'to ascertain and give effect to the intention and purpose of the legislature.'" *Stewart v. State*, 33 S.W.3d

785, 791 (Tenn. 2000) (quoting *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000)). When the statutory language is unambiguous, we apply its plain and ordinary meaning. *Planned Parenthood of Middle Tenn. v. Sundquist*, 38 S.W.3d 1, 24 (Tenn. 2000). When the statutory language is ambiguous, we must look to other sources, such as legislative history, to determine the intent and purpose of the legislature. *Id.*

*Conley v. State*, 141 S.W.3d 591, 595 (Tenn. 2004); *see also Burke v. Langdon*, 190 S.W.3d 660, 663 (Tenn. Ct. App. 2005).

IV. Statute of Limitations Pursuant to Tennessee Code Annotated § 32-4-108

We address first the Executrix's contention that the filing of Ms. Sutton's complaint was time-barred. Tennessee Code Annotated § 32-4-108 (Supp. 2013) provides:

All actions or proceedings to set aside the probate of any will, or petitions to certify a will for an issue of devisavit vel non, must be brought within two (2) years from entry of the order admitting the will to probate, or be forever barred, saving, however, to persons under the age of eighteen (18) years or adjudicated incompetent, at the time the cause of action accrues, the rights conferred by § 28-1-106.

The trial court initially opened the Decedent's estate for intestate administration upon entry of its October 23, 2009 order. Inasmuch as the will contested under the instant complaint was not admitted to probate at that time, however, we cannot conclude that the statute of limitations began to run relative to this will contest proceeding upon the opening of the intestate estate. Instead, applying the plain and unambiguous language of the statute, we conclude that the statute of limitations began to run upon "entry of the order admitting the will to probate," specifically in this case on April 27, 2010. *See* Tenn. Code Ann. § 32-4-108. Ms. Sutton filed her complaint on April 24, 2012, clearly within two years of the date the will at issue was admitted to probate. Accordingly, we determine that Ms. Sutton's complaint was not time-barred by operation of Tennessee Code Annotated § 32-4-108.

V. Subject Matter Jurisdiction Pursuant to Tennessee Code Annotated § 32-4-101

Ms. Sutton contends that the Chancery Court (the "trial court") erred by not transferring the instant will contest to the Cocke County Circuit Court. She argues that pursuant to Tennessee Code Annotated § 32-4-101, once the probate court determines that a contestant has standing to contest a will, the probate court must transfer the proceeding to the circuit court. The Executrix maintains that the Chancery Court retained authority to

dismiss Ms. Sutton's complaint pursuant to Tennessee Code Annotated § 32-4-101(a). We conclude that under applicable law, the Chancery Court properly exercised subject matter jurisdiction to dismiss the complaint.

Whether a court possesses subject matter jurisdiction over an action is a matter of law, which we review *de novo* with no presumption of correctness. *See In re Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013); *Williams v. State*, 139 S.W.3d 308, 311 (Tenn. Ct. App. 2004). As it is undisputed that no public, private, special, or local act provides for probate jurisdiction in Cocke County and as we find no such act, we note that the Chancery Court functions as the probate court in Cocke County pursuant to Tennessee Code Annotated § 16-16-201(a) (2009), which provides in pertinent part:

> (a) In all counties where not otherwise specifically provided by public, private, special or local acts, all jurisdiction relating to the probate of wills and the administration of estates of every nature, including the estates of decedents and of wards under guardianships or conservatorships and related matters previously vested in the county court, the county judge or county chair, is vested in the chancery court of the respective counties.

When, as in the instant proceeding, the chancery court serves as the probate court for a county pursuant to Tennessee Code Annotated § 16-16-201(a), "the chancery court has discretion to certify the will contest for trial in the circuit court or it may simply assume jurisdiction over the trial of the will contest . . . when the chancery court makes its intention clear to all parties." *See In re Estate of Barnhill*, 62 S.W.3d 139, 142-43 (Tenn. 2001); *see also In re Estate of Brown*, 402 S.W.3d at 199 (confirming the chancery court's subject matter jurisdiction to probate wills pursuant to Tenn. Code Ann. § 16-16-201(a)).

Regarding the option of a transfer of the proceeding to circuit court, Tennessee Code Annotated § 32-4-101 (2007) provides in pertinent part:

> (a) If the validity of any last will or testament, written or nuncupative, is contested, then the court having probate jurisdiction over that last will or testament must enter an order sustaining or denying the contestant's right to contest the will. If the right to contest the will is sustained, then the court must:
>
> . . .
>
> (2) Cause a certificate of the contest and the original will to be filed with the appropriate court for trial.

> (b) As used in this section, the term "the appropriate court for trial" means the court elected by the contestant, in the notice of contest, to conduct a trial upon the validity of the will.

Pursuant to subsection (b), Ms. Sutton requested in her complaint a transfer of the will contest to Circuit Court. *See* Tenn. Code Ann. § 32-4-101. On appeal, however, she relies on a prior version of the statute that was amended in 2002. The pre-2002 language read in pertinent part:

> (a) Where the validity of any last will or testament, written or noncupative, is contested, the court having probate jurisdiction over such last will or testament shall cause the fact to be certified to the circuit court . . . .

Ms. Sutton also relies on this Court's recitation of the pre-2002 version of the statute in *Green v. Higdon*, 870 S.W.2d 513, 520 (Tenn. Ct. App. 1993), a case in which jurisdiction was not at issue.

This reliance on both the earlier statute and *Green v. Hidgon* is misplaced. Under the provisions of the prior statute, the requirement of an order sustaining the contestant's right to contest the will was not a prerequisite of the contestant's right to elect a transfer, as it is under the current statute. *See* Tenn. Code Ann. § 32-4-101(a); *see also* Tenn. Code Ann. § 32-4-109 (2007) ("Any court of record that has probate jurisdiction, whether a chancery court or other court of record established by private or public act, has concurrent jurisdiction with the circuit court to conduct a trial upon the validity of a will . . . ."); *In re Estate of Brown*, 402 S.W.3d at 199 (upholding the chancery court's subject matter jurisdiction to hear will contests pursuant to Tenn. Code Ann. § 32-4-109); *In re Estate of Barnhill*, 62 S.W.3d at 142 (Tenn. 2001) (noting the concurrent jurisdiction of chancery and circuit courts to try will contests).

In the case at bar, the trial court dismissed the complaint because it found that Ms. Sutton, as an unnamed heir in the original will contest filed by Ms. Chennault, could not institute a second will contest. The Chancery Court, having the discretion to assume jurisdiction over the will contest and having made its intention clear to the parties, did not err in assuming jurisdiction to dismiss Ms. Sutton's complaint. *See* Tenn. Code Ann. §§ 16-16-201(a), 32-4-101(a), 32-4-109.

## VI. Amendment and Joinder of Parties Regarding Previous Will Contest

Ms. Sutton's overarching rationale for raising issues of amendment and joinder regarding Ms. Chennault's previous will contest is Ms. Sutton's contention that the trial court's Order of Voluntary Nonsuit was not a final judgment relative to Ms. Chennault's will contest proceeding. Ms. Sutton posits that the trial court's order dismissing Ms. Chennault's complaint, entered on February 7, 2012, *nunc pro tunc* to December 13, 2011, only dismissed the first complaint and not the later one Ms. Chennault refiled on December 16, 2011. Ms. Sutton does not address the trial court's subsequent order, entered August 7, 2012, in which the court affirmed its dismissal of Ms. Chennault's complaint to contest the will with prejudice to the refiling of the complaint.

While we can review only the instant proceeding before us in this decision, *see* Tenn. R. App. P. 13(c), we note that Ms. Sutton's reliance in this appeal on Ms. Chennault's previous will contest is unavailing. *See generally*, *Barnhill*, 62 S.W.3d at 145 (holding that because voluntary dismissals without prejudice are not permitted in will contest proceedings, "Tennessee Rules of Civil Procedure 41.01 and 66 do not allow the institution of a second will contest after having taken a voluntary dismissal" and explaining that "the taking of voluntary dismissals in will contests defeats the goals of efficiency and quick resolution in probate and will contest proceedings."). We will address each of Ms. Sutton's arguments in turn.

### A. Claimed Amendment

Ms. Sutton asserts that the trial court erred by not treating her complaint in this will contest proceeding as an amendment to the original will contest filed by Ms. Chennault on April 26, 2010, and refiled on December 16, 2011. The Executrix asserts that the trial court properly did not treat Ms. Sutton's complaint as an amendment to Ms. Chennault's will contest because Ms. Sutton filed her complaint under a new docket number, did not identify it as "amended," and did not request that she be joined with Ms. Chennault as a will contestant. We agree with the Executrix. *See* Tenn. R. Civ. P. 15.01 (providing that except in cases where the pleading has not yet been served or no responsive pleading is required and fifteen days have not elapsed since service, "a party may amend the party's pleadings only by written consent of the adverse party or by leave of court . . . ."). We note also that Ms. Sutton and Ms. Chennault were represented by the same counsel in their respective pleadings and that counsel made no mention of Ms. Chennault's previous will contest in Ms. Sutton's complaint. The trial court did not err by declining to treat the instant will contest action as an amendment to the previous will contest filed by Ms. Chennault.

## B. Joinder of Parties

Ms. Sutton also argues that the trial court erred in dismissing her will contest based on the prior dismissal of Ms. Chennault's complaint because the court did not have authority to proceed in the original will contest without joining as parties all of the Decedent's heirs. The Executrix contends that because a will contest is an *in rem* proceeding, its adjudication is conclusive upon all heirs and that therefore the probate court is not required to join all heirs in a will contest proceeding. We agree with the Executrix.

The purpose of a will contest proceeding, traditionally known as *devisavit vel non*, or "'Did he make a will or not?'" is to determine the validity of a will. *See Barnhill*, 62 S.W.3d at 140 n.1. As our Supreme Court has explained:

> Since statehood our cases have consistently held that a will contest is a proceeding in rem, and the res being the estate of the deceased, all persons who have any just or colorable claim, in the event of testacy or intestacy, have a right to become parties, but failing to do so they are bound by the result, which is conclusive upon all the world.

*Petty*, 599 S.W.2d at 793; *see also In re Estate of Trigg*, 368 S.W.3d 483, 496 (Tenn. 2012) ("A probate proceeding is not an action between the parties, but rather an in rem action that focuses on the decedent's estate.") (citing *Petty*, 599 S.W.2d at 793).

In support of her argument that she should have been joined as a party in the original proceeding, Ms. Sutton relies on Rule 19.01(1) of the Tennessee Rules of Civil Procedure, which states in pertinent part: "A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties . . . ." She similarly relies on this Court's decision applying Rule 19.01(1) to join a party necessary to provide parol evidence of a trust in *St. Clair v. Evans*, 857 S.W.2d 49, 50-51 (Tenn. Ct. App. 1993). We find this reliance on Rule 19.01(1) and *St. Clair* to be misplaced because it is not necessary that every heir of a decedent be made a party to a will contest proceeding in order for the trial court to determine the validity of a will. *See Petty*, 599 S.W.2d at 793-94. Ms. Sutton is not entitled to relief on this issue.

## VII. Conclusion

For the reasons stated above, the judgment of the trial court dismissing Ms. Sutton's complaint to contest the will of the Decedent is affirmed. Costs on appeal are taxed to the

appellant, Sky Sutton. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE