IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 18, 2018 Session

# IN RE ESTATE OF JAMES W. SMALLING, DECEASED

Appeal from the Chancery Court for Carter County
No. P160078     John C. Rambo, Chancellor

_____

No. E2017-00900-COA-R3-CV
_____

This matter involves a will contest. The deceased died testate. His daughter, the proponent, is the executor. She submitted the deceased's will to the trial court for probate. An order to probate was entered. The will expressly provides that the deceased's son "is to take nothing" under the will. The son filed a complaint and a notice with the trial court contesting the will due to alleged undue influence. Proponent filed a motion to dismiss on the ground that contestant did not have standing to file a contest. Contestant subsequently took a voluntary nonsuit; the trial court entered an order of nonsuit. Nine months after his initial filing, contestant filed a second will contest in the same court. The proponent filed a motion to dismiss alleging that the contestant's voluntary dismissal of his first will contest bars the filing of his second complaint. The trial court agreed. It entered an order granting proponent's motion to dismiss with prejudice. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and THOMAS R. FRIERSON, II, J., joined.

R. Lee McVey, II, Kingsport, Tennessee, for the appellant, Thomas Edward Smalling.

Jerry W. Laughlin, Greeneville, Tennessee, for the appellee, Betty Gail Smalling McInturff.

**OPINION**

**I.**

On April 22, 2016, James W. Smalling, the deceased, died testate. On April 29, 2016, his daughter, Betty Gail Smalling McInturff, filed the deceased's will for probate. Ms. McInturff is appointed in the will as the executor of the estate. On April 29, 2016, an order to probate was filed by the court.

On June 24, 2016, contestant filed his first "Notice of Will Contest and Petition for Certificate Pursuant to T.C.A. § 32-4-101." On July 21, 2016, the proponent filed a motion to dismiss arguing that contestant did not have standing.[1] Proponent also filed an answer to the will contest. Contestant filed a response to the motion to dismiss requesting the proponent's motion be denied, or in the alternative that contestant receives leave to remedy any deficiencies. The proponent's motion to dismiss came on for hearing before the trial court. Following the hearing, counsel for contestant submitted an order of nonsuit for entry by the court. The order states that contestant had "announced in open court that he intends to take a voluntary nonsuit pursuant to Tennessee Rule of Civil Procedure 41.01." On October 20, 2016, the trial court entered the order of nonsuit.

On March 14, 2017, contestant filed his second will contest with the same chancery court. The proponent filed a motion to dismiss asserting that the dismissal of the first will contest operates as a bar to the filing of a second will contest. On April 13, 2017, and after a hearing, the court entered an order stating that the "voluntary dismissal by the Contestant of the previous Will contest Complaint he filed in June of 2016, bars the filing of a second Will contest, and the Proponent's Motion to Dismiss should be granted." The matter was ordered dismissed with prejudice. This appeal followed.

**II.**

The issue before the Court is whether the trial court erred in finding that the voluntary dismissal of the contestant's first will contest barred the filing of his subsequent will contest. This matter presents a question of law.

**III.**

Contestant argues on appeal that his second will contest is not barred, because before becoming an *in rem* proceeding, a will contest must either be certified to the circuit court or the chancery court must intentionally exercise jurisdiction over the action and notify the parties of the same. He argues that because his voluntary dismissal

---

[1] The record does not specifically disclose why the contestant did not have standing. The reason has no bearing on our analysis in this case.

occurred prior to certification to the circuit court, as requested, and prior to notification by the chancery court of an intention to exercise jurisdiction, the previous will contest was never properly before the court.

While a chancery court may certify a will contest to a circuit court, the Supreme Court stated, in *In re Estate of Barnhill*, that "when a chancery court serves as the probate court for a county, pursuant to Tenn. Code Ann. § 16-6-201(a), the chancery court has discretion to certify the will contest for trial in the circuit court, or it may simply assume jurisdiction over the trial of the will contest" by making its intention clear. *In re Estate of Barnhill*, 62 S.W.3d 139, 144-45 (Tenn. 2001). The Supreme Court held that Tenn. Code Ann. § 32-4-109, which grants concurrent jurisdiction over will contests to chancery courts, does not require certification absent a referral to another court. *Id.* Therefore, when, as in this case, the chancery court serves as the probate court for the county pursuant to Tenn. Code Ann. § 16-16-201(a), it may simply assume jurisdiction, as it did in this case. *See* Tenn. Code Ann. §§ 16-16-201(a) (2017), 32-4-109 (2017). No formal certification was required. Thus, the matter was properly before the chancery court.

As to the second filing, the Supreme Court declared in *In re Estate of Barnhill*, after a thorough review of Tenn. R. Civ. P. 41.01 and 66, that these provisions bar an individual from bringing a second will contest following a voluntary dismissal. *Id.* The court stated that there is

> no merit to the [] contention that the chancery court, serving in its probate function, must formally certify…the right to contest the will. Section 32-4-109 of the Code clearly indicates otherwise. Only when the probate court transfers the case to another court for trial would certification of the contest be required by statute. Therefore, the chancery court had jurisdiction to hear the case. The [] voluntary dismissal was with prejudice and had the legal effect of dismissing the will contest. As stated above, we find that Tennessee Rules of Civil procedure 41.01 and 66 do not allow the institution of a second will contest after having taken a voluntary dismissal.

*Id.* The Court further stated that the taking of voluntary dismissals in will contests "defeats the goals of efficiency and quick resolution in probate and will contest proceedings." *Id.* The same principle supports precluding contestant's second filing in this case.

Based upon the foregoing, it is clear that the court did not err in dismissing the second-filed will contest. Accordingly, we hold that contestant's voluntary dismissal was with prejudice, barring the filing of his second will contest.

## IV.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the contestant, Thomas Edward Smalling.

_____
CHARLES D. SUSANO, JR., JUDGE