IN RE LAST WILL AND TESTAMENT OF MINNIE K. AMBRIS-
TER.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

D. H. Rosier, Jr., Frank B. Bird, Maryville, for plaintiffs in error.

Rom Meares, Maryville, for Madeleine A. Huddleston et al.

Mr. Justice Swepston delivered the opinion of the Court.

Preliminary to a discussion of the merits of the case, attention is called to the fact that the order of the Circuit Judge purports to allow a discretionary appeal. The only provision for discretionary appeals appears in T.C.A. 27-305 as amended by Ch. 172, Acts of 1955, re-

lating to equity cases, but the same has no application to the instant situation. As will later appear herein, however, the judgment entered in the Circuit Court was a final judgment, because the effect of it was to settle all matters in controversy. We, therefore, have jurisdiction.

Minnie K. Ambrister, deceased, died in Blount County, Tennessee, February 1, 1959. There are two paper writings involved in this case which are sought to be established. One dated January 10, 1959, hereinafter called "first will", the other dated February 1, 1959, hereinafter called "second will". The proponent of first will is Madeleine A. Huddleston, sometimes referred to herein as appellee. The proponents of the second will are Asa R. Ambrister, C. G. Ambrister and Floyd L. Ambrister, Jr., sometimes referred to herein as appellants.

Second will contains a provision purporting to revoke all wills theretofore made.

The principal question in this appeal is whether or not appellants contested the petition to probate the first will. A somewhat extended recitation of the proceedings is required. It will be observed from the following recitation that the appellants, in jockeying for position as proponents of the second will in order to make the appellee the contestant of same, have gotten themselves in an awkward position and have unnecessarily complicated the situation.

February 4, 1959, appellee, Madeleine A. Huddleston, filed in the County Court for Blount County her petition to probate in solemn form the first will of her mother, Minnie K. Ambrister; the petition set out the heirs and next of kin as well as the devisees and legatees mentioned

in the will, had process issued and served upon all interested parties. The date for hearing was fixed for February 13, 1959, at 10:00 A.M.

On the hearing date, appellants presented a petition which they insisted should be heard before appellee's petition to probate in solemn form; it alleged that the second will had been presented to the Clerk of the County Court for probate on February 1, 1959, witnesses sworn by the clerk and examined and the will to all intents and purposes in accordance with the custom and practice of said court had been proved, but no order of probate had been entered; appellants thereby sought to have the Probate Judge on February 13, 1959, enter a *nunc pro tunc* order probating said will as of February 1, 1959. After about 20 pages of argument as the same appears in the transcript, the Court refused to enter such *nunc pro tunc* order.

During the course of the extended argument (Tr. 54), counsel for appellee stated ''and the clerk has no authority and the only thing Mr. Bird and I are arguing about when it gets right down to it, is who is going to be the contestant and who is going to be the proponent of the wills in the Circuit Court.''

(Tr. 50) The County Judge said:

''My understanding here as to what is really before the Court is the will that's contested; is that right?''

Counsel for appellants did not answer that question directly and specifically but said in part: ''the attesting witnesses were sworn, and everything was done except the formal entry of the order on February 2nd. Now, what we are asking the Court to do is to make that formal

order at this time, and then we'll proceed to take up Mr. Meares' petition to probate a will in solemn form and our motion to dismiss.''

(Tr. 52) "The Court: Let me ask you this, Mr. Bird. If these wills would be certified to the Circuit Court, would it not be improper to hear the proof in these wills and at that time Mr. Meares or you either draw up an order and we certify it to the Circuit Court? If you want to draw an order to such effect—but, then, the two of them that way.

''Mr. Bird: That is what will be done. Whenever the Court makes formal entry which is a mere formality, then if Mr. Meares wishes to present the other will, he makes a contestant's bond, and the court's duty with reference thereto then ends. And the matter is certified to the Circuit Court for determination of which is the true will and whether there is a true will or not.''

Then followed the statement of Mr. Meares, counsel for appellee, that he was present simply to probate his will in solemn form.

(Tr. 68) The Court in declining to enter the *nunc pro tunc* order said: "But I feel that what's before this Court is just this hearing on this solemn will. And all other things, I will agree to take up at any time, but at this time, what's before the Court is this solemn will. And the petition that Mr. Bird presented is not before the Court. Why, the Court wasn't called—''

Immediately thereafter appellants brought up their motion to dismiss the appellee's petition to probate the first will, which motion contained the same ground as the appellants' petition heretofore disposed of. The same was overruled without argument.

At this point, over the objection of counsel for appellee, appellants were allowed to have the clerk of the County Court testify to what the attesting witnesses testified on February 1, the day they appeared before the clerk.

Just preceding that when Mr. Meares was about to read his petition for probate of the first will, counsel for appellee stated: "We came to oppose you in every way we could."

The Court then heard appellee's proof by the attesting witnesses to the first will and instructed appellee's counsel to draw an order admitting same to probate in solemn form.

A few minutes later on February 13, the Court then admitted the second will to probate in common form and an order to that effect was entered on the same day. It was not a *nunc pro tunc* order however. A petition to contest the second will was filed by appellee on February 23, 1959, and the same was answered by appellants on February 27, 1959, and an order transferring the contest of the second will was entered on the same date.

The order admitting the first will to probate in solemn form was not entered until three days later on February 16; it contained the following paragraph:

"To all of the foregoing actions of the Court, Asa R. Ambrister, C. G. Ambrister and Floyd G. Ambrister, Jr., respectfully excepted and prayed an appeal to the Circuit Court for Blount County, for trial on the issue of *devisavit vel non,* which appeal was granted upon the filing of the bond as required by law and further orders to that effect and end will be approved by the Court upon being properly presented. 15 days.

from this date is allowed for the filing of the bond; on February 28 a clarifying order was entered fixing the 15 days to run from the date of the entry of the order of February 16 in which it was specified that these 'contestants' should file their bonds; pursuant thereto the statutory bonds were filed.''

At the March term of Court an abortive order attempt-ing to fortify the appellants' claim to be contestants of the first will was properly held void by the Circuit Court and there is no appeal from same.

On April 10, 1959, a transcript of the proceedings was certified to the Circuit Court and on April 20 appellants filed a motion in the Circut Court asking that Court to declare the proceedings to be a contest of the second will and to declare that the appellants were the proponents and appellee was a contestant and to declare the order of probate in solemn form to be void and of no effect and a jury was demanded.

The Circuit Judge disallowed said motion and further held that there had been no contest of the probate in solemn form of the first will and that the County Court, after admitting said first will to probate in solemn form, was without jurisdiction to probate the second will.

The two errors assigned by appellants are: (1) The Court's denial of their motion and (2) the ruling that appellants had not contested the probate in solemn form of the first will.

This matter would have been much simplified if the appellants had given a simple notice of contest in response to the petition of appellee to probate the first will in solemn form and had simply offered the last will for probate in that proceeding, whereupon the County Judge

would have certified the record to the Circuit Court for a trial on an issue of *devisavit vel non*. We are of opinion, however, that the record shows that what they did do amounted in substance to a notice of contest and that the County Judge did the best he could according to his lights toward getting both wills before the Circuit Court so that the contest might be there made and decided.

In Phillips' Pritchard on Wills, Sec. 345, mode of being admitted contestant, the text provides:

"There is no formality in being admitted a contestant in the case now under consideration. The person intending to contest the will is not required to give notice of his intention, but he may do so if he chooses. Unless notice is given, the county court cannot require the legatees and devisees who insist upon the validity of the will, to enter into bond. If notice is given, it need only show that the probate will be contested, and should be served upon the legatees and devisees at least five days before the will is propounded for probate. With or without notice, the mode of instituting the contest is the same. When the will is offered for probate in the county court, the person desiring to contest it makes known the fact, and, upon his interest being shown, or, upon his right to make the contest being admitted or unquestioned, the court requires him to enter into bond," etc.

The same thing in substance is said in Gilreath's Carruthers History of a Lawsuit, Sec. 675, wherein it is said:

"Except in the case of setting aside a formal probate, there is no formality in being admitted a contestant. * * * But his interest being shown or unquestioned, he is, on mere motion, and on giving bond and security

for costs, or taking the pauper oath, to have the probate transferred to the circuit court.''

The above relates to a notice of probate in solemn form, whereas Sec. 676 points out that when the proceeding is to set aside a probate in common form, the petition, among other things, must state his interest and the facts upon which he relies to set aside the probate.

In 57 Am.Jur., Sec. 779, it is stated:

''The inquiry presented in a contested probate proceeding as to whether the instrument sought to be probated is or is not the testator's will embraces the question whether the will offered for probate has been revoked. The issue whether a will propounded for probate is revoked by a later will may properly be raised in the proceeding for probate, and the court shall examine the contents of the instruments to determine such issue. The revocation of a will is a ground for contest after probate, where the statutes provide for contest after probate on any ground affecting the validity of the will. The grounds of contest are not, it has been held, limited to issues going to the execution of the probated will, but the complainant may set up as a ground of contest a later will or codicil. It appears that the court in a proceeding for the probate of a will is bound to take notice of a later will which is pleaded as constituting a revocation of the first, notwithstanding the alleged revoking will is not itself offered for probate, or is not, in fact, provable, by reason of the loss or destruction of the instrument. According to some authorities, a probate court may, in its discretion, where, upon a contested probate, it appears that there are other wills, bring all interested parties

before it and make a final determination as to the validity of the other wills, notwithstanding the absence of a petition offering the other wills for probate. * * *'' (Of course, the county and probate court of Tennessee do not now have jurisdiction of a will contest.)

Thus it appears to be the general rule that the bringing in of a later will which either expressly or impliedly appears to revoke an earlier will constitutes a contest, subject, of course, to local rules of procedure which have been referred to immediately supra.

We have, therefore, reached the following result. First, the Circuit Court was not in error in denying the motion to declare a contest insofar as the second will was concerned, because actually what brought on the contest was the filing of the petition of appellee to probate the first will, and the efforts on the part of appellants to have it otherwise was simply in order that on a trial of the issue in the Circuit Court the appellants might have the opening and closing, as appears from the statements of counsel for appellants appearing in the record itself. Second, the Circuit Court was in error in failing to declare void the order of the County Court probating the first will in solemn form; when the existence of an alleged later will was called to his attention he should have simply certified them both to the Circuit Court; for the same reason the probate of the second will was void; and third, as above shown, the Circuit Court was in error in holding that appellants had not contested the probate of the first will.

The judgment of the Circuit Court is accordingly modified as above indicated and the cause is remanded there to be tried on the issue of *devisavit vel non*. The costs of the appeal will be divided equally.