IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 4, 2016

**IN RE ESTATE OF ELLRA DONALD BOSTIC**

**Appeal from the Chancery Court for Hawkins County**
**No. 2015-PR-152    Douglas T. Jenkins, Chancellor**
———————————————————

**No. E2016-00553-COA-R3-CV – Filed December 6, 2016**
———————————————————

Decedent's sister was appointed as executor of the estate and subsequently filed a will contest complaint regarding a single bequest in the will. The trial court removed sister as executor and appointed an administrator pendente lite. Ultimately, the trial court dismissed sister's will contest on the basis that the sister was estopped from attacking the will after her appointment as executor. Sister appeals. We affirm the trial court's ruling with regard to sister's standing to contest the will. However, we vacate the trial court's dismissal of sister's will contest on the basis of estoppel and remand for further proceedings consistent with this Opinion. Affirmed in part, vacated in part, and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part, Vacated in part, and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and RICHARD H. DINKINS, JJ., joined.

Jerry J. Fabus, Jr., Johnson City, Tennessee, for the appellant, June Bostic Lane.

Russell W. Adkins, Kingsport, Tennessee, for the appellee, Linda M. Mullins.

David L. Robbins, Johnson City, Tennessee, for the appellee, Estate of Ellra Donald Bostic.

**OPINION**

On May 22, 2015, Ellra Donald Bostic (the "Decedent") executed a last will and testament ("the will"), naming Appellant June Bostic Lane ("Contestant") as executor.[1] Under the terms of the will: (1) Decedent's two grandsons were each to receive a monetary sum of $500.00 per month for twenty-four months; (2) Appellee Linda Mullins, Decedent's "friend," was to receive Decedent's house, the contents of the house, a trailer, all camping equipment and accessories, and $25,000.00; and (3) Contestant was to receive the residue of the estate. The Decedent died on August 22, 2015, at the age of seventy-two. On September 11, 2015, Contestant filed a sworn complaint to probate the Decedent's will and to be appointed executor of Decedent's estate ("the Estate") without bond in the Probate Division of the Hawkins County Chancery Court. On September 3, 2015, the trial court entered an order admitting the will to probate, directing that letters testamentary be issued to Contestant, and waiving the requirement that Contestant file an inventory or make accounting to the trial court as provided in Tennessee Code Annotated section 30-2-301. On September 11, 2015, letters testamentary were issued to Contestant and Contestant's "Oath of Execut[or]" was filed. The Oath specifically stated that Contestant would "honestly and faithfully discharge" her duties "according to the terms of" Decedent's will.

On December 2, 2015, Contestant filed a petition to contest Decedent's will. Therein, Contestant alleged that Ms. Mullins was the paramour of Decedent. According to Contestant, however, Ms. Mullins fraudulently led Decedent to believe that her husband was deceased. Contestant alleged that this fraud, coupled with the confidential relationship between Decedent and Ms. Mullins, Decedent's weakened mental and physical condition, and Ms. Mullins involvement in the creation of the will, established that the bequest to Ms. Mullins was the product of undue influence. Although the complaint did not allege fraud or undue influence against either of Decedent's grandsons, it sought to set aside the entire will.

On or about January 4, 2016, Ms. Mullins filed a motion to remove Contestant as executor and to appoint an "Administrator Pendente Lite"[2] pursuant to Tennessee Code Annotated section 30-1-108.[3] According to the motion, Contestant allegedly "almost

---

[1] Although the will uses the term "[e]xecutrix," we will use "executor" through this Opinion for consistency's sake. *See Black's Law Dictionary* (10th ed. 2014) (defining an "executor" as a "**person** named by a testator to carry out the provisions in the testator's will" without reference to any particular gender).

[2] An "administrator pendente lite" means a "person appointed to serve as administrator of an estate solely because of an emergency or an unusual situation, such as a will contest." *Black's Law Dictionary* (10th ed. 2014).

[3] Tennessee Code Annotated section 30-1-108 states that "probate judges are authorized to

immediately" removed contents from Decedent's home, refused to account for their whereabouts, refused to communicate with Ms. Mullins as a beneficiary under the will, filed a police report and posted flyers in the neighborhood accusing Ms. Mullins of theft, and claimed ownership of Decedent's tools. On or about the same day, Ms. Mullins also filed an objection to Contestant's notice of contest on the bases of standing and two separate estoppel grounds: (1) that Contestant may not receive benefits under the will and at the same time attack it; and (2) that Contestant may not attack the will that she had previously sworn to uphold. On January 5, 2016, Contestant filed a motion to amend her will contest complaint to correct the standing issue raised by Ms. Mullins; specifically, Contestant sought to amend her will contest to only contest the provision of the will naming Ms. Mullins as beneficiary. Thereafter, Contestant also filed a response to Ms. Mullins's objection to the will contest, denying the material allegations contained therein. On January 12, 2015, without objection by either party, the trial court granted Contestant's motion to amend the will contest complaint, granted Ms. Mullins's motion to remove Contestant as executor and appoint an administrator pendente lite, and appointed Appellee Attorney David Robbins as the "Administrator C.T.A."[4] ("the Estate," and, together with Ms. Mullins, "Appellees").

The trial court held a hearing on the will contest on February 3, 2016. On February 19, 2016, the trial court entered its order dismissing the will contest. First, the trial court found that Contestant had standing to contest the gift to Ms. Mullins because a successful contest could increase Contestant's share as a residuary beneficiary under the will. The trial court also found that Contestant need not forfeit any benefits that she received under the will in order to contest the will.[5] The trial court, however, ruled that Contestant was "estopped from contesting the will" or any of its provisions after she introduced and affirmed the Will, "requested and received appointment" as executor and "swore to adhere to the will's provisions." The trial court, therefore, dismissed the will contest

Contestant timely filed a motion to reconsider or, in the alternative, to take proof for the matter to be properly decided on appeal, to which both the Estate and Ms. Mullins objected. The motion was heard on March 3, 2016. Over both the Estate's and Ms. Mullins's objection, the trial court allowed Contestant to make an offer of proof for

appoint an administrator pendente lite in any case that may arise in their respective courts where any will may be the subject of contest or litigation."

[4] An "administrator cum testamento annexo" is "administrator appointed by the court to carry out the provisions of a will when the testator has named no executor, or the executors named refuse, are incompetent to act, or have died before performing their duties and no qualified successor has been named." *Black's Law Dictionary* (10th ed. 2014).

[5] As support for its finding, the trial court ruled that the latter ground had been cured by the amended notice of contest.

appeal purposes, wherein Contestant was sworn and testified as to the circumstances of how she found out about Ms. Mullins's status as a non-widow. Contestant testified that, one month after she was appointed executor, she learned from Decedent's first wife who allegedly learned it from "someone who just happened to know [the Mullinses] and their son who happened to be at [Decedent's first wife's]" that Ms. Mullins's husband was still alive. The trial court stated on the record at the hearing that it did not believe that such offer of proof, even if true, would create a defense to the rule that once an executor to a will had been sworn, said executor was thereafter estopped from challenging a will. Thus, the trial court by order of March 18, 2016, denied Contestant's motion for reconsideration, affirmed its February 19, 2016 order in its entirety, and certified that the order was a final order pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Contestant timely appealed.

## ISSUES

Contestant presents one issue for review:

Whether an executor is estopped from contesting a specific bequest to an heir in a [w]ill when the executor only learns of alleged fraud committed by said heir after the Executor has already offered the will for probate and sworn to honestly and faithfully discharge the duties of the Executor.

The Estate presents two issues for review:

1. Whether the Trial Court proper[l]y found that the [Contestant] was estopped from contesting the will that she had previously offered for Probate.
2. Whether the [Contestant] lacked standing to contest the will that she had previously offered for Probate.

Ms. Mullins presents one issue for review: whether the trial court correctly dismissed Contestant's will contest.

## DISCUSSION

### Standing

The first issue that we will consider is Contestant's standing to contest Decedent's will. The standing of an individual filing a will contest is a threshold issue that must be adjudicated prior to any consideration of the merits of the will contest. As Tennessee law provides: "If the validity of any last will or testament . . . is contested, then the court having probate jurisdiction over that last will or testament must enter an order sustaining or denying the contestant's right to contest the will." Tenn. Code Ann. § 32-4-101(a).

- 4 -

"The right of a contestant to challenge the validity of a will presents a dispute separate and apart from the contest itself." *In re Estate of Otte*, No. 02A01-9402-PB-00023, 1995 WL 116013, at *1 (Tenn. Ct. App. Mar. 15, 1995) (citing *Cowan v. Walker*, 96 S.W. 967, 968 (Tenn. 1906)). "As soon as the probate court is made aware of a contest, it must halt the . . . probate proceedings and determine whether the person seeking to contest the will has standing to pursue a will contest." *In re Estate of Boote*, 198 S.W.3d 699, 714 (Tenn. Ct. App. 2005) (citing *In re Estate of King*, 760 S.W.2d 208, 211–12 (Tenn. 1988); *In re Will of Ambrister*, 330 S.W.2d 330, 334–35 (Tenn. 1959); *Jenkins v. Jenkins*, 77 S.W.2d 805, 806–07 (Tenn. 1935); *Murrell v. Rich*, 175 S.W. 420, 425 (Tenn. 1914); 1 Jack W. Robinson, Sr. & Jeff Mobley, *Pritchard on the Law of Wills and Administration of Estates* §§ 354, at 543–44, 364, at 556–57, 377, at 569–71 (5th ed. 1994 & Supp. 2004)); *see also Estate of Ferguson*, No. 01A01-9707-PB-00313, 1998 WL 161090, at *3 (Tenn. Ct. App. Apr. 8, 1998) ("Before a contest can be certified to the circuit court, the Probate Court must find that the contestant has standing to pursue the contest.").

"Standing to pursue a will contest is limited to those who would benefit under the terms of another will or codicil or the laws of intestate succession if the will contest is successful." *In re Estate of Boote*, 198 S.W.3d at 714 (citing *Jennings v. Bridgeford*, 403 S.W.2d 289, 290–91 (Tenn. 1966); *Cowan v. Walker*, 96 S.W. 967, 970; Robinson & Mobley, *supra*, §§ 354, at 540, 369, at 562). Here, Appellees argue that Contestant has no standing to contest the will because: (1) Contestant has no right to benefit if Decedent's property passes through intestate succession; and (2) no prior will exists naming Contestant as a beneficiary. Appellees therefore argue that should the will be set aside, Contestant would have no right to benefit from Decedent's property, depriving her of standing to file a will contest. We agree that such a rule applies when the **entire** will is contested. *See, e.g.*, *Keasler v. Estate of Keasler*, 973 S.W.2d 213, 222 (Tenn. Ct. App. 1997) (holding that contestant lacked standing to contest the validity of a more recent will because, if the more recent will were invalidated, contestant would receive nothing under the earlier will); *In re Estate of W.*, 729 S.W.2d 676, 677–78 (Tenn. Ct. App. 1987) ("[B]efore the appellant may go forward with a will contest he must show that he would take a share of the decedent's estate if the probated will were set aside [] by showing that he would take under a prior will.") (internal citations omitted). Tennessee law, however, allows a contestant to "challenge the validity of **part** of a will without challenging the entire will." *In re Estate of McCord*, 661 S.W.2d 890, 892 (Tenn. Ct. App. 1983) (emphasis added); *see also Estate of Hamilton v. Morris*, 67 S.W.3d 786, 796–97 (Tenn. Ct. App. 2001) (holding that a trial court may partially invalidate a will tainted by undue influence while at the same time uphold the remaining provisions of the will). Here, the Contestant is not contesting the entire will but rather only the provision naming Ms. Mullins as beneficiary. We note that Appellees did not argue that the trial court improperly granted Contestant's motion to amend her will contest complaint to contest

only a single provision of Decedent's will.[6]  Accordingly, the proper issue relevant to our discussion is whether the trial court correctly ruled that Contestant's amendment to her notice of contest cured any standing defects in this case.

To have standing to contest a will, "[a] contestant[] must show that [she] would take a share (or larger share) of decedent's estate if the contest is successful." *Estate of Ferguson*, No. 01A01-9707-PB-00313, 1998 WL 161090, at *3 (Tenn. Ct. App. Apr. 8, 1998).  It is well-settled that "[w]here [there is a residuary clause], unless a contrary intention appears, it is dispositive of lapsed or void legacies, [based] upon the presumption that the testator did not intend to die intestate as to any part of his property." *Davis v. Anthony*, 384 S.W.2d 60, 63 (Tenn. Ct. App. 1964).  In other words, there is a presumption that lapsed or void gifts generally become part of the residuary of the will, rather than pass through intestate succession. To avoid this presumption,  Tennessee law "requires the use of words clearly limiting the gift of the residue, and showing in express terms an intention to exclude such portions of his estate as may fail to pass under previous clauses of the will, in order to take it out of the general rule[.]" *Id.*; *cf. In re Estate of McFarland*, 167 S.W.3d 299, 304 (Tenn. 2005) (holding that when the lapsed gift is already a part of the residue, "the lapsed gift falls out of the terms of the will and passes by intestate succession to the testator's heirs at law"). Accordingly, where no contrary intent is established in the language of the will, if a specific bequest lapses or is voided, the property subject to the bequest will be included in the residue of the estate, and therefore, enure to the benefit of the residuary beneficiaries.

Here, the trial court ruled that Contestant's amendment to her complaint, which contested only a portion of the will, cured any standing issues that might have existed because a successful contest "could increase [Contestant's] share as residuary beneficiary under the [W]ill."  No language in the will purported to limit the residuary estate in any way.  If Ms. Mullins's specific gifts under the will are invalidated, the void gifts would therefore pass to Contestant as the named residuary beneficiary and would thereby enlarge her share of Decedent's estate.   Because Contestant stands to increase her share under the will if the will contest were successful, the trial court did not err in ruling that Contestant has standing to pursue the will contest in this case. Having decided the Contestant has standing, we will proceed to consider whether Appellees' estoppel arguments warrant dismissal of the will contest.

## Estoppel

Ms. Mullins first argues that the trial court erred in not dismissing Contestant's will contest, where she has refused to disgorge the benefits she has already received under the will.  As an initial matter, we note that although Ms. Mullins makes this

---

[6] Because Contestant only sought permission to amend a portion of her original complaint, we will treat this as an amendment to a complaint and not an amended complaint.

argument in the body of her brief, the trial court's decision on this issue is not specifically raised as an error in the statement of the issues section of Ms. Mullins's brief.[7] Instead, Ms. Mullins only questions whether the trial court correctly dismissed the will contest petition. *See, e.g.*, ***Accredo Health Grp. Inc. v. GlaxoSmithKline LLC***, No. W2015-01970-COA-R9-CV, 2016 WL 4137953, at *13 (Tenn. Ct. App. Aug. 3, 2016) (treating appellant's issue as waived when not designated as an issue in its petition for interlocutory appeal); ***Rigsby v. Rigsby***, No. E2014-02095-COA-R3-CV, 2015 WL 7575075, at *7 (Tenn. Ct. App. Nov. 25, 2015) (citing ***Champion v. CLC of Dyersburg, LLC***, 359 S.W.3d 161, 163 (Tenn. Ct. App. 2011)) ("Because Mother did not raise the issue of attorney's fees on appeal in her statement of the issues, we determine this issue to be waived."); ***Culpepper v. Culpepper***, No. E2014-00815-COA-R3-CV, 2015 WL 6735909, at *6 (Tenn. Ct. App. Nov. 4, 2015) (same). As previously discussed, however, the trial court did not dismiss the will contest petition on this basis, but rather on the basis that Contestant should not be allowed to attack a will that she was appointed to uphold. Accordingly, because Appellee asserts that the trial court's ruling was in error, it was her duty to designate this argument as an issue on appeal, regardless of the fact that she is an appellee in this appeal. *See* ***Forbess v. Forbess***, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) (holding that appellee waived an issue by his failure to designate it as an issue in his statement of the issues even though it was argued in the body of the appellate brief).[8] Her failure to do so results in a waiver of this issue on appeal.

Appellees next argue that Contestant, by swearing to uphold the Will, may not thereafter attack it. "Executors, as fiduciaries, owe a duty of undivided loyalty to the estate and must deal with the beneficiaries in the utmost good faith." ***In re Estate of Wallace***, 829 S.W.2d 696, 705 (Tenn. Ct. App. 1992) (citing ***Mason v. Pearson***, 668 S.W.2d 656, 663 (Tenn. Ct. App. 1984); ***In re Cuneo's Estate***, 475 S.W.2d 672, 676 (Tenn. Ct. App. 1971); ***Baker v. Baker***, 24 Tenn. App. 220, 240, 142 S.W.2d 737, 750 (1940)). The named executor in a will has the duty to both offer the will for probate and defend the will against any challenges to its validity. ***Love v. Cave***, 622 S.W.2d 52, 57 (Tenn. Ct. App. 1981). Occasionally, an executor may wish to contest a will. *Pritchard on Wills*, *supra*, § 364. If the executor "had knowledge of defects in the will but nevertheless proceeded to probate it," then the executor is estopped from contesting the

---

[7] This argument is also not raised as an issue, or argued at all, in the Estate's appellate brief.

[8] Likewise, although the Estate purports to designate an issue under the heading of estoppel, the crux of its argument is that Contestant failed to allege facts sufficient to prove the elements of fraud, and, therefore, this Court may affirm the trial court's ultimate ruling on this basis. We decline such invitation to determine the merits of this issue, however, because (1) this argument was not designated as an issue on appeal; (2) this issue was not argued in the court below; and (3) this Court will generally not address matters not ruled upon by the trial court. *See* ***Baugh v. Novak***, 340 S.W.3d 372, 381 (Tenn. 2011) (citations omitted) ("[I]ssues addressed by the appellate courts should be limited to those that have been raised and litigated in the lower courts[.]").

will. *Id.* However, it has been held that an executor is not estopped from challenging a will after presenting it for probate when she "presented [the will] in good faith" and had "no knowledge of any defects" to the will at the time she was appointed. *McClure v. Wade*, 235 S.W.2d 835, 838 (Tenn. Ct. App. 1950); *see also Boote*, 198 S.W.3d at 720 (Tenn. Ct. App. 2005) (citing favorably *Pritchard on Wills*, *supra*, § 363) (describing *Pritchard on Wills* as "stating that an executor who offered a will for probate would not be estopped from contesting it later where the executor offered the will for probate in good faith and without knowledge of the defects in its execution"). Under such circumstances, the executor must resign from her position, and the trial court should appoint an administrator pendente lite to take charge of the estate and represent it during the pendency of the probate proceedings. *See McClure*, 235 S.W.2d at 838 (allowing executor to resign as co-executor and appointing a replacement); *see also* Tenn. Code Ann. § 30-1-108 ("The probate judges are authorized to appoint an administrator pendente lite in any case that may arise in their respective courts where any will may be the subject of contest or litigation."); *Crozier v. Goodwin*, 69 Tenn. 368, 368 (1878) (holding that a county court may appoint an administrator pendente lite "to hold the property during the pendency of a contest").

As explained above, once a determination has been made that an executor is not estopped from contesting a will, the executor must resign and an administrator ad litem be appointed. Here, the trial court removed Contestant as executor and dismissed her will contest without making the threshold inquiry: whether Contestant had knowledge of the defects in the will at the time she was appointed. *See McClure*, 235 S.W.2d at 838. Without a determination on this issue, supported by appropriate findings of fact and conclusions of law, we conclude that the trial court's dismissal on this basis is in error. It is well-settled that estoppel is an affirmative defense, with the burden shouldered by the party invoking the doctrine. *See* Tenn. R. Civ. P. 8.03. ("[In an answer] to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . estoppel [as] an affirmative defense."); *Buchholz v. Tenn. Farmers Life Reassurance Co.*, 145 S.W.3d 80, 85 (Tenn. Ct. App. 2003) ("Estoppel is not favored and it is the burden of the party seeking to invoke the doctrine to prove each and every element thereof."). In this case, the trial court improperly placed the burden on Contestant to prove that she was not estopped from challenging the will without any evidence that Contestant either acted in bad faith or had knowledge that Ms. Mullins's husband was still alive at the time she was appointed executor. Contestant made an offer of proof at the February 3, 2016 hearing that she did not learn of Ms. Mullins's alleged status until one month after she was appointed executor. However, Appellees, as the party asserting estoppel, should have been required to prove that estoppel does apply, including any facts alleging that Contestant acted in bad faith or had knowledge of facts that would invalidate the will at the time of her appointment.

In addition, the trial court failed to make any findings of fact or conclusions of law on this particular issue. Rule 52.01 of the Tennessee Rules of Civil Procedure specifically

requires that in all cases that are "tried upon the facts without a jury, the [trial] court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Rule 52.01's requirement that the trial court make findings of fact and conclusions of law "is mandatory regardless of whether a party requests these findings." *Irvin v. Irvin*, No. M2010-01962-COA-R3-CV, 2011 WL 2436507, at *11 (Tenn. Ct. App. June 15, 2011); *see also* *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *5 (Tenn. Ct. App. June 9, 2011) (describing Rule 52.01 as "making the issuance of findings of fact and conclusions of law mandatory"). Here, despite the fact that Contestant introduced evidence by way of her offer of proof regarding her knowledge prior to becoming executor of the will, the trial court made no findings of fact or conclusions of law as to whether Contestant had prior knowledge that would estop her from contesting the will or otherwise acted in bad faith in filing her will contest. Based on the law above, however, these factual issues must be determined prior to a ruling on Appellees' estoppel defense. *See* *McClure*, 235 S.W.2d at 838. Without findings of fact and conclusions of law on this issue, we are unable to conduct meaningful appellate review of whether the trial court properly dismissed Contestant's will contest. Accordingly, we vacate the trial court's dismissal of the will contest on this basis.

## CONCLUSION

Based on the foregoing, we affirm the trial court's finding that Contestant had standing to pursue her will contest but vacate the trial court's dismissal of Contestant's will contest based on estoppel. We, therefore, remand to the trial court for all further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellees, Linda Mullins and the Estate, for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE