IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 22, 2024 Session

## IN RE ESTATE OF CALVIN LEROY WHITEHEAD

**Appeal from the Probate Court for Rutherford County**
**No. 75PR1-2022-PR-103   Tolbert Gilley, Judge**

_____

## No. M2023-01180-COA-R3-CV
_____

After the death of Calvin Leroy Whitehead, his daughter, Regina Whitehead, petitioned to probate the decedent's December 2015 will and for permission to sell the decedent's residence. The probate court admitted the will to probate and letters testamentary were issued to Ms. Whitehead as the executrix. The court also granted permission to sell the residence. Thereafter, the decedent's step-niece, Elizabeth Otto, filed an intervening petition to probate a purportedly more recent will, from March 2016. The estate answered the petition, alleging fraud and, in its amended answer, requested attorney's fees in defending the petition. The estate then filed a motion to dismiss on the grounds that the proffered will was a copy, with no explanation as to the absence of the original, that the post-death affidavits were not valid. The day before her scheduled deposition, Ms. Otto filed a notice of voluntary nonsuit of her petition. The estate responded by moving for an assessment of attorney's fees and costs against Ms. Otto. The trial court then issued an order that dismissed Ms. Otto's petition and denied the estate's motion for attorney's fees in defending the intervening petition. The estate appeals, arguing that the request for attorney's fees in its motion to dismiss is a claim for affirmative relief that survives the dismissal. The estate also requests attorney's fees under alternative legal grounds. For the reasons below, we affirm the trial court's dismissal of the intervening petition and, finding no abuse of discretion, affirm the denial of attorney's fees. We also deny the estate's post-appeal Tennessee Rules of Civil Procedure Rule 11 motion for sanctions, as well as Ms. Otto's claim for attorney's fees incurred in this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

Wm. Kennerly Burger, Murfreesboro, Tennessee, for the appellant, Regina Lynne Whitehead.

Jay B. Jackson, Murfreesboro, Tennessee, for the appellee, Elizabeth Miles Otto.

# OPINION

## FACTS AND PROCEDURAL HISTORY

Calvin Leroy Whitehead, a widower,[1] died on January 19, 2022, while residing in Rutherford County, Tennessee. His daughter, Regina Whitehead, filed a petition for letters of administration, and an order granting letters of administration to Ms. Whitehead was issued on February 15, 2022.

Four months later, after discovering a will that her father had executed on December 22, 2015, Ms. Whitehead filed a petition to probate the 2015 will, to be appointed executrix of his estate, and for permission to sell the decedent's real estate in Mississippi.[2] The court granted the petition. Letters testamentary were issued to Ms. Whitehead on June 21, 2022, and she was authorized to sell the decedent's real estate.

Elizabeth Otto ("Ms. Otto"), the decedent's step-niece,[3] filed an intervening petition to probate a purported will dated March 14, 2016, that Ms. Otto discovered in a Bible from the estate of Sherry Whitehead, the deceased spouse of the decedent. A copy of the 2016 will was attached to the petition with no explanation as to the absence of the original document.[4]

Answering Ms. Otto's petition, Ms. Whitehead, acting in her capacity as executrix of the estate ("the Estate"), alleged that "[t]he proffered instrument is fraudulent, and does not contain the signature of the Decedent" and that the decedent's signature was "forged." Attached to the answer as exhibits were two versions[5] of the purported 2016 will: 1) the version of the March 2016 will attached to the intervening petition by Ms. Otto, and 2) a different version of the March 2016 will that had been provided to an attorney for

---

[1] His wife, Sherry Whitehead, predeceased Mr. Whitehead.

[2] Mr. and Mrs. Whitehead resided in Mississippi prior to the death of Mrs. Whitehead. Thereafter, Mr. Whitehead moved to Murfreesboro, Tennessee, to be closer to his daughter, Regina Whitehead.

[3] Ms. Otto is the niece of the decedent's wife, Sherry Whitehead. Ms. Otto served as executor over Mrs. Whitehead's estate in Mississippi.

[4] Ms. Otto is not a beneficiary under the December 2015 will. In the purported 2016 will, Ms. Otto and other relatives of Mrs. Whitehead are designated as contingent beneficiaries to Mr. Whitehead's home and contents, with his wife and children to receive any remainder of the estate.

[5] The two versions of the March will differ in the shares attributed to the beneficiaries of the home and contents.

attestation.[6] The Estate averred that, in the two different versions of the purported March 2016 will, "the signature [of Mr. Whitehead] is different and the terms are different."

The Estate then filed a Tennessee Rule of Civil Procedure Rule 12.06 motion to dismiss for failure to state a claim because the will attached was a copy with no explanation as to the absence of the original, that "the proferred [sic] (non-contemporaneous) post-death 'affidavits' are not competent or 'useable' when it is known that the issue is contested," and that the instrument contained no contemporaneous attestation clause. The Estate argued that the March 2016 will should be denied probate and requested an assessment of attorney's fees pursuant to Tennessee Code Annotated § 20-12-119(c).

The Estate amended and supplemented its answer to include subsequently discovered evidence that the will was fraudulently prepared and further pled the invalidity of the attestation clause, due to the attestor, Thomas Segrest, Sr., suffering from an advanced stage of dementia. In its amended answer, the Estate requested that "the Intervening Petition be dismissed, with assessment of attorney's fees against Elizabeth Otto, and referral of the matter to the Office of the District Attorney for the 16th Judicial District with findings that reflect the unrefuted fraud committed by Elizabeth Otto." The Estate then filed a sworn declaration by Linda Segrest withdrawing her attestation affidavit concerning the purported 2016 will.

In her response to the motion to dismiss, Ms. Otto stated that an original of the March 2016 will had been "lodged and secured with the Rutherford County Probate Court."[7] Her response further noted that the 2016 will filed with the intervening petition was properly executed, properly supported by attesting witnesses, and meets the requirements for probate as a foreign will in the State of Tennessee. Ms. Otto then requested that the court deny the Estate's motion to dismiss and award her attorney's fees and costs.

Following a hearing on the pending matters, the court declined to rule on any aspect of the case until each side completed discovery. In an order entered on July 21, 2023, the court directed the parties to complete discovery within thirty days and set the matter for an August hearing.

On July 28, 2023, the day before her deposition was to be taken, Ms. Otto filed her notice of voluntary nonsuit, and the trial court entered an order dismissing her petition. The

---

[6] Also attached to the answer was the December 2015 will that had been admitted to probate.

[7] The Estate avers in its brief that "there is no original, and the only referenced document held by the clerk is an obvious copy." The technical record before this court does not indicate that an original of the 2016 will had been filed.

Estate responded with a motion for assessment of fees and costs and offer of proof, followed by a sworn affidavit of fees from the Estate's counsel, totaling $16,500.00.

In its August 11, 2023 order, the trial court acknowledged Ms. Otto's notice of voluntary nonsuit, denied the Estate's motion to dismiss, and denied the award of fees "for the cost of defending the Intervening Petition pursuant to *Tenn. Code Ann.* § 20-12-119(c)(5)(C)."

This appeal followed.

During the pendency of the appeal, the Estate filed in this court a Tennessee Rule of Civil Procedure Rule 11 motion for sanctions. Ms. Otto responded that there was no basis to grant it, and this court issued an order reserving judgment on the motion, pending oral argument.

## ISSUES

The Estate raises three issues, which we restate as follows:

1. Whether Ms. Otto's voluntary nonsuit extinguished the Estate's claims for attorney's fees made in its motion to dismiss;[8] alternatively,

2. Whether the trial court, on its own initiative, should have conducted a hearing and imposed discretionary sanctions against Ms. Otto pursuant to Rule 11.03(1)(b) of the Tennessee Rules of Civil Procedure.

3. Whether Ms. Otto's alleged misconduct triggered the fiduciary exception to the American Rule for attorney's fees, requiring a hearing and award of fees against Ms. Otto.

Ms. Otto raises two additional issues:

1. Whether the Estate should pay Ms. Otto's attorney's fees on appeal, and

2. Whether the Estate is entitled to the Rule 11 sanctions that were first raised on appeal.

---

[8] As stated by the Estate, its first issue reads: "With the *Pagliara* [*v. Moses,* No. M2020-00990-COA-R3-CV, 2022 WL 4229930 (Tenn. Ct. App. Sept. 14, 2022)] procedural status pending in the Executrix's request for fees (i.e., a timely motion pending) did the "nonsuit" extinguish the Executrix's request for "affirmative relief" in the form of mandatory ("shall") fees required by T.C.A. § 20-12-119(c), and in the context of *Adamson v. Grove*, 2022 Tenn. App. LEXIS 459?"

STANDARD OF REVIEW

This court reviews questions of law de novo with no presumption of correctness. *See Kilgore v. NHC Healthcare*, 134 S.W.3d 153, 156 (Tenn. 2004). The interpretation of the Tennessee Rules of Civil Procedure is a question of law subject to de novo review with no presumption of correctness because "[t]he right to take a voluntary dismissal . . . is stated in Tennessee Rule of Civil Procedure 41.01," and these rules "are promulgated by the Tennessee Supreme Court, approved by the General Assembly, and 'have the force and effect of law.'" *Heerdink v. Osborne*, No. M2023-00816-COA-R3-CV, 2024 WL 4274955, at *5 (Tenn. Ct. App. Sept. 24, 2024) (citations omitted).

## ANALYSIS

### I. IN REM WILL CONTEST PROCEEDINGS AND RULE 41.01

As a foundational matter, we first establish the posture of this case as an in rem will contest proceeding and determine whether Ms. Otto, as a petitioner in a will contest, had the unrestricted, unilateral right to take a voluntary nonsuit pursuant to Tennessee Rule of Civil Procedure 41.01.

### A.

This appeal arises from a will contest in the probate court of Rutherford County, which is an in rem proceeding. The general rule is that "the bringing in of a later will which either expressly or impliedly appears to revoke an earlier will constitutes a contest." *In re Ambrister's Will*, 330 S.W.2d 330, 334 (Tenn. 1959). This court recently reviewed longstanding case law to describe the "sui generis" nature of a will contest:

> **A will contest is "a proceeding in rem**, involving the distribution of the res, the estate," and "[t]he proceedings do not depend on or refer to parties as did the proceedings in the common law courts; **in a sense all the world are parties**." *In re Est. of Barnhill*, 62 S.W.3d 139, 144 (Tenn. 2001) (quotations omitted). At the same time, "a will contest is only intended to test the external validity of a will." *Stacks v. Saunders*, 812 S.W.2d 587, 590 (Tenn. Ct. App. 1990) (citing *Rogers v. Russell*, 733 S.W.2d 79 (Tenn. Ct. App. 1986)). "The court's jurisdiction is limited to determining the validity of the decedent's will or whether the instrument offered for probate is actually the last will and testament of the decedent." *Id.* at 591 (citing *Rogers*, 733 S.W.2d at 84). The trial court does not have "the jurisdiction to entertain extraneous issues," and a will contest "'should not be obscured by issues that are not within the court's jurisdiction to decide.'" *Id.* (quoting *Rogers*, 733 S.W.2d at 85). In *Stacks*, for instance, we explained that "a tort action or actionable fraud could

not have been litigated or injected as an issue in the former will contest because it would be a collateral or extraneous matter." 812 S.W.2d at 591.

*In re Est. of Wilson*, No. W2023-00313-COA-R3-CV, 2024 WL 322679, at *7 (Tenn. Ct. App. Jan. 29, 2024) (emphasis added). In determining the distribution of the estate, "[t]he probate court is required to take notice of a later will or codicil which is pleaded as constituting a revocation or partial revocation of an earlier instrument." *In re Est. of Boote*, 198 S.W.3d 699, 715 (Tenn. Ct. App. 2005) (citations omitted).

B.

Rule 41.01 of the Tennessee Rules of Civil Procedure makes it clear that a plaintiff in a typical civil action shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before trial. And, as the Tennessee Supreme Court explained in *Rickets v. Sexton*, 533 S.W.2d 293, 294 (Tenn. 1976), the right of a plaintiff to take a nonsuit is not dependent on any action of the trial court:

> The rule specifies that a plaintiff 'shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause'. **This portion of the rule is not dependent upon the determination of the trial judge.** The lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it. It is not necessary that he approve the action of plaintiff's counsel by signing any order; nor may he nullify the rules by an order 'disallowing' the nonsuit. **All that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions above noted, is the filing of a written notice of dismissal.**

*Id*. (emphasis added). Thus, the operative act is when the plaintiff files the notice of nonsuit, not when the court acts upon it. *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 131 (Tenn. Ct. App. 2014).

However, a petitioner in an in rem will contest does not have the unrestricted, unilateral right to take a voluntary nonsuit pursuant to Tennessee Rule of Civil Procedure 41.01. *See In re Est. of Barnhill*, 62 S.W.3d 139, 144 (Tenn. 2001); *see also In re Est. of Barnwell*, No. 01A01-9711-PB-00656, 1998 WL 755011, at *5 (Tenn. Ct. App. Oct. 30, 1998). This is because Rule 41 expressly states that this right is subject to the provisions of Rule 66.  As Rule 41.01 states:

> (1) **Subject to the provisions of** Rule 23.05, Rule 23.06, or **Rule 66** or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit

to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.

. . .

(3) A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.

Tenn. R. Civ. P. 41.01 (emphasis added).

Rule 66, which pertains to, inter alia, will contests, states:

**An action wherein a receiver has been appointed shall not be dismissed except by order of the court**. The practice in the administration of estates by receivers or by other similar officers appointed by the court shall be in accordance with the statutes of this state and with the practice heretofore followed in the courts of this state. In all other respects, an action in which the appointment of a receiver is sought or which is brought by or against a receiver shall be governed by these rules.

Tenn. R. Civ. P. 66 (emphasis added).

*In re Estate of Barnwell* confirmed that Rule 66 is applicable to a will contest, because "administrators and executors qualify as 'other similar officers appointed by the court.'" 1998 WL 755011, at *5. As the court explained:

In the context of the administration of estates, receivers, administrators, and executors have very similar roles. The administrator of an estate is "[a] person appointed by the court to administer (*i.e.,* manage or take charge of) the assets and liabilities of a decedent (*i.e.,* the deceased)." *Black's Law Dictionary* 43 (5th ed. 1979). By statute, the administrator of an estate in Tennessee has "the same responsibilities as a receiver in chancery." T.C.A. § 30-1-310 (1984).

*Id.* More than a decade later, our Supreme Court elaborated upon that position:

> We believe the *Barnwell* court to be correct in its view that **the involvement of administrators of estates in will contests brings such actions into the purview of Rule 66, and reflects the historical understanding that a will contest "is a proceeding in rem, involving the distribution of the res, the estate**," *Arnold* [*v. Marcom*, 352 S.W.2d 936, 939 (1961)], and that "[t]he proceedings do not depend on or refer to parties as did the proceedings in the common law courts; in a sense all the world are parties." *Green* [*v. Higdon*, 891 S.W.2d 220, 222 (Tenn. Ct. App. 1994)]. Although the appellant contends that a voluntary dismissal is a court order under the language of Rule 66 since the court must enter an order granting the dismissal of the will contest, **Rules 41 and 66, when considered together,** do not permit such an interpretation, but **indicate that voluntary dismissals are not permitted in will contest proceedings**.

*In re Est. of Barnhill*, 62 S.W.3d at 144 (emphasis added). Accordingly, and pursuant to Rule 66, will contests "shall not be dismissed except by order of the court." Tenn. R. Civ. P. 66.

C.

For the foregoing reasons, the filing of Ms. Otto's notice of voluntary nonsuit did not effectively dismiss her petition or the will contest. As explained in *Barnhill*, "voluntary dismissals are not permitted in will contest proceedings" except by order of the court. *In re Est. of Barnhill*, 62 S.W.3d at 144. Nevertheless, the probate court approved and entered an order dismissing her petition. Thus, Ms. Otto's petition was dismissed "by order of the court" in compliance with *Barnhill* and Rule 66.

In the interim, the Estate responded to Ms. Otto's notice of voluntary dismissal with a motion for assessment of fees and costs based on its previously filed Rule 12.06 motion to dismiss. The prior motion read, in part:

> Regina Lynne (Gina) Whitehead, biological daughter of the Decedent, and Executrix of the probated Last Will and Testament, moves the Court, pursuant to TRCP Rule 12.06, to dismiss the intervening Petition of Elizabeth Miles Otto, and, pursuant to T.C.A. § 20-12-119(c), for assessment of attorney's fees and costs.

Shortly thereafter, the court ruled on the Estate's pending motions. That order reads in its entirety as follows:

Based upon the Court's acknowledgement of the Notice and Order of Voluntary Nonsuit filed pursuant to Tennessee Rules of Civil Procedure §40.01 [sic], and the entire record in this cause, the Court finds, orders, and decrees as follows:

1. The Motion to Dismiss filed by Regina Lynne Whitehead (hereinafter as "Executrix") is denied.

2. All discovery related to allegations in the Intervening Petition, including the scheduled deposition of Linda Segrest, may not proceed.

3. No fees shall be awarded to the Executrix for the cost of defending the Intervening Petition pursuant to Tenn. Code Ann. § 20-12-119(c)(5)(C).

D.

The Estate contends that its statutory claim for attorney's fees in the motion to dismiss constitutes a claim for affirmative relief that prevents or survives the dismissal of Ms. Otto's petition. As stated in its brief:

> Ms. Otto's last minute, desperate retreat may not defeat the statute-based entitlement to that affirmative relief for attorney's fees, granted by T.C.A. § 20-12-119(c) (see *Adamson v. Grove*, 2022 Tenn. App. Lexis 459, 43 – 44)." *Adamson's* ruling (quoted herein) stands for the proposition that the nonsuit by Ms. Otto had no effect on the pending request for "affirmative relief," in the form of statutory fees, which the Executrix should have been permitted to pursue at a subsequent hearing[.]

To begin, we note that the Estate's argument is based, in part, on *Adamson v. Grove*, No. M2020-01651-COA-R3-CV, 2022 WL 17334223, at *14 (Tenn. Ct. App. Nov. 30, 2022). After the filing of the parties' briefs, *Adamson* was expressly overruled by our Supreme Court in *Flade v. City of Shelbyville*, 699 S.W.3d 272, 301 (Tenn. 2024), holding in principal part that a claim to recover attorney's fees under the Tennessee Public Participation Act does not constitute a counterclaim for purposes of Rule 41.01(1).

As noted previously, Tennessee Rule of Civil Procedure 41.01 states: "If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff." Tenn. R. Civ. P. 41.01. Our Supreme Court has explained that "a counterclaim must be a claim for 'affirmative relief.'" *Flade*, 699 S.W.3d 272 at 299. The *Flade* court thoroughly reviewed the right to voluntary nonsuit and its exceptions, including the counterclaim exception and the concept of affirmative relief. While *Flade* examined the effect of a voluntary nonsuit as it related to a TPPA petition attorney's fees

claim, we find its analysis of counterclaims and affirmative relief instructive concerning the Estate's claim for attorney's fees and costs pursuant to Tennessee Code Annotated § 20-12-119(c).

> In *Flade*, like the case at bar,
>
> > The Petitioners argue that their TPPA petitions seek affirmative relief—they point to their request for dismissal with prejudice, attorney's fees, and sanctions—and, as a result, they qualify as counterclaims for purposes of Rule 41.01(1). Because the Petitioners filed their TPPA petitions before the Plaintiff gave notice of voluntary dismissal, they assert that they may proceed on their petitions notwithstanding the Plaintiff's nonsuit.

*Id.* at 296–97. However, the Supreme Court determined that the TPPA petition did not qualify as a request for affirmative relief, which meant, effectively, that it was not a counterclaim that survived dismissal. *Id.* at 301.

> The court explained,
>
> > In determining whether a TPPA petition constitutes a counterclaim for purposes of Rule 41.01(1), we note that a counterclaim has been described further as a "part of the answer served by a defendant asserting one or more causes of action against a plaintiff." [Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 13:1, at 839 (2009)]. It is "distinguished from a defense because *it seeks affirmative relief based on a cause of action*, while a defense merely seeks to defeat the opponent's cause of action by denial or avoidance." *Id.*

*Id.* at 299.

> Here, the Estate argues that the affirmative relief is in the form of mandatory fees provided by statute. The Estate's motion to dismiss reads, in part:
>
> > Regina Lynne (Gina) Whitehead, biological daughter of the Decedent, and Executrix of the probated Last Will and Testament, moves the Court, pursuant to TRCP Rule 12.06, to dismiss the intervening Petition of Elizabeth Miles Otto, and, pursuant to T.C.A. § 20-12-119(c), for assessment of attorney's fees and costs.
>
> The applicable portion of the statute provides:
>
> > Notwithstanding subsection (a) or (b), in a civil proceeding, **where a trial court grants a motion to dismiss pursuant to Rule 12** of the Tennessee

Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

Tenn. Code Ann. § 20-12-119(c)(1) (emphasis added).

In determining whether the motion to dismiss stated a claim for affirmative relief, we first find that the relief requested was *not* "based on a cause of action," as required. *Flade*, 699 S.W.3d at 299 (citation omitted). By its very nature, the relief sought in the motion was the dismissal of Ms. Otto's petition; it "merely [sought] to defeat the opponent's cause of action." *Id*. While the Estate did allege questionable and fraudulent circumstances around the March 2016 will, no further cause of action was asserted. In its own words, the relief that the Estate requested is that "[t]he proffered copy (non-original) should be denied probate."

Additionally, the relief "in the form of mandatory ('shall') fees" is only mandatory **"where a trial court grants a motion to dismiss pursuant to Rule 12** of the Tennessee Rules of Civil Procedure for failure to state a claim." Tenn. Code Ann. § 20-12-119(c)(1) (emphasis added). Here, in its August 11 order, the trial court expressly denied the Rule 12 motion to dismiss. Because the motion to dismiss was denied, there is no "statute-based entitlement."

For the reasons above, we have determined that the relief requested by the Estate was not "part of the answer served by a defendant asserting one or more causes of action against a plaintiff." *Flade*, 699 S.W.3d at 299 (citation omitted). Accordingly, we find that the Estate's motion to dismiss did not state a claim for affirmative relief sufficient to constitute a counterclaim that would survive dismissal. Therefore, we affirm the trial court's dismissal of the will contest, as well as the denial of attorney's fees pursuant to Tennessee Code Annotated § 20-12-119(c)(1).

## II. RULE 11 SANCTIONS "ON COURT'S INITIATIVE"

The Estate contends that the trial court erred by failing to impose sanctions against Ms. Otto upon its own initiative, under Tennessee Rule of Civil Procedure 11.03(1)(b), "due to the patent, affirmative misrepresentations **and omissions** contained in her Will contest petition?" The Estate argues:

Considering the case history outlined above, [the Estate] respectfully insists that the Probate Judge misapplied his discretion in failing to address Ms.

Otto's TRCP Rule 11 violations. It should be noted that the time considerations set forth in TRCP Rule 11.03(1)(a) did not permit the Executrix (only learning of the egregious violations in the first week of July) to submit a Rule 11 demand letter, as the Rule contemplates. Further, that effort would have duplicated the pending Rule 12 request for fees that was already pending and scheduled for a hearing on July 11. But, as the above-recited facts unfolded, and Ms. Segrest's affidavit clarified the falsity of the pleading filed by Ms. Otto, approximately two weeks elapsed, during which time much investigatory work and research occurred due to Ms. Otto's mischief. In that context (and setting aside, for the moment, the central Rule 12 basis for fees) the Trial Court should have discretionarily sanctioned Ms. Otto's fraudulent conduct, and her patent (absolutely undeniable) misrepresentations in the Petition, as quoted above, and awarded fees pursuant to TRCP Rule 11.03(1)(b) . . . .

Ms. Otto contends that this issue is waived because it was not raised at the trial court level.

In terms of waiver, this court has explained:

It is well settled that issues not raised at the trial level are considered waived on appeal. *Waters v. Farr,* 291 S.W.3d 873, 918 (Tenn. 2009) (stating that issues not raised in the trial court are waived on appeal); Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

*PNC Multifamily Cap. Inst. Fund XXVI Ltd. P'ship v. Mabry*, 402 S.W.3d 654, 660 (Tenn. Ct. App. 2012).

Reviewing the record, we note that on August 2, the Estate filed a "Motion for Assessment of Fees and Costs to Elizabeth Miles Otto and Offer of Proof." While this motion did request "sanctions, in the form of fees," those fees were again requested pursuant to the Rule 12 motion. The August 2 motion makes no mention of Rule 11 or discretionary sanctions pursuant to Tennessee Rule of Civil Procedure 11.03(1)(b). The Estate acknowledges in its brief that "the time considerations set forth in TRCP Rule 11.03(1)(a) did not permit the Executrix (only learning of the egregious violations in the first week of July) to submit a Rule 11 demand letter, as the Rule contemplates."

Although the Estate admits that it did not have sufficient information or time to raise the issue of Rule 11 sanctions before the case was dismissed, the Estate contends that the probate court erred by not raising it on its own initiative pursuant to Rule 11.03(1)(b). We find the argument unpersuasive because the Estate has failed to explain why the probate

court should have known what the Estate admits it did not have time to discover and present to the court. And, as Ms. Otto notes, the Estate did not raise this issue in the trial court.

Accordingly, we find no error with the probate court not imposing Rule 11 sanctions upon its own initiative. We also conclude that the issue is waived.

### III. THE ESTATE'S CLAIM FOR ATTORNEY'S FEES

The Estate argues that Ms. Otto's "bad faith misconduct" in her "claimed role as a 'fiduciary'" triggered "one of the early exceptions to the 'American Rule' regarding attorney's fees, requiring a fact hearing, and an award of fees directly against Ms. Otto (as opposed to the Estate)."

In defending a will contest,

> One who is named as an executor in a will has a legal duty "to offer the will for probate and to take the necessary steps, including the employment of counsel, to resist a contest and to sustain the will. . . ." *In re Estate of Taylor*, 388 S.W.2d 657, 660 (Tenn. Ct. App. 1963). One who fulfills this duty in good faith is entitled to costs and attorney's fees. *Smith v. Haire*, 181 S.W. 161, 162 (Tenn. 1915). This is true even if the will is ultimately found to be invalid. *Id.* An attorney who has assisted an executor who has propounded a will in good faith is entitled to reasonable fees and expenses against the estate. *See Love v. Cave*, 622 S.W.2d 52, 57 (Tenn. Ct. App. 1981).

*In re Est. of Porter*, No. E1999-00194-COA-R3-CV, 2000 WL 337565, at *5 (Tenn. Ct. App. Mar. 30, 2000).

Generally, Tennessee courts adhere to the American Rule, which provides that a party to a civil action may not recover its attorney's fees in the absence of a statute, contractual provision, or other recognized ground allowing for recovery. *See Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009).

Where a fiduciary or proponent of a will is found to have acted in bad faith, case law supports holding that fiduciary or proponent responsible for the costs. *See Hager v. Hager*, 66 S.W.2d 250, 260 (1933); *Lewis v. Lewis*, No. E2014-00105-COA-R3-CV, 2015 WL 1894267, at *13–14 (Tenn. Ct. App. Apr. 27, 2015). In a century-old case, our Supreme Court explained that "the element of good faith is always pertinent in determining the right of a claimant to have the expenditure made in behalf of a decedent's estate charged as expenses to be paid out of the entire estate." *Smith v. Haire*, 197 S.W. 678, 679 (1917).

Here, however, the probate court made no findings of Ms. Otto's bad faith. Indeed, Ms. Otto's petition to admit the purported 2016 will to probate was dismissed before

discovery was complete and, significantly, before any evidentiary hearing. Thus, the Estate has failed to establish a basis upon which to assess attorney's fees or costs against Ms. Otto.

## IV. ATTORNEY'S FEES INCURRED ON APPEAL

The only remaining issue raised by Ms. Otto is whether she should be awarded her attorney's fees "for having to respond to this Appeal." The argument reads in full:

> **THIS COURT SHOULD AWARD ATTORNEY FEES TO MS. OTTO**
> Ms. Otto seeks an award of attorney's fees he [sic] has incurred on appeal. The decision to do so rests within the discretion of this Court. Ms. Otto would ask this Court to dismiss this appeal and award him [sic] attorney's fees on appeal.

Ms. Otto's brief, however, fails to state the grounds, make a legal argument, or cite legal authority as to the basis for an award of attorney's fees on appeal. Thus, this argument does not meet the content requirements set forth in Rule 27. Tenn. R. App. P. 27(a)(7). Thus, this vague prayer for attorney's fees is so deficient that we deem it waived.

Nevertheless, we acknowledge that she makes an additional statement in the conclusion of the brief regarding her prayer for attorney's fees, which reads: "This appeal is frivolous, and Ms. Otto requests her attorney fees." Although we have ruled adverse to the Estate on all issues, we do not find this appeal to be without merit; accordingly, this appeal is not frivolous. *See Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) ("A frivolous appeal is one that is devoid of merit, . . . or one that has no reasonable chance of succeeding[.]").

Thus, on both grounds, we deny Ms. Otto's request for attorney's fees incurred on appeal.

## V. MOTION FOR SANCTIONS ON APPEAL

On April 1, 2024, the Estate filed in this court a motion seeking sanctions against Ms. Otto's counsel in the trial court and in this appeal "pursuant to the provisions of TRCP Rule 11.03." The basis for the motion is that Ms. Otto's counsel made statements in her trial court pleadings and appellate brief that violated Rule 11.02(3).

The Tennessee Rules of Civil Procedure, as stated in Rule 1, "govern procedure in the circuit or chancery courts in all civil actions, whether at law or in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts." Tenn. R. Civ. P. 1. Rule 1. The Tennessee Court of Appeals is governed by the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 1.

- 14 -

While the Estate alleges and the record reflects that the statement at issue was made at both the trial court and appellate levels, the Estate did not file a Rule 11 motion for sanctions in the trial court proceedings, and we are unaware of any authority that authorizes the Estate to file a Rule 11 motion in the appellate court. Accordingly, the motion filed in this court for Rule 11 sanctions is denied.

## CONCLUSION

For the reasons stated above, the judgment of the probate court is affirmed. Costs of appeal are assessed equally against the parties to this appeal, the appellant, Regina Lynne Whitehead, and the appellee, Elizabeth Miles Otto, for which execution may issue if necessary.

_____
FRANK G. CLEMENT JR., P.J., M.S.